UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

        Plaintiff,

v.

RYAN H. SOWERS,

        Defendant.

CIVIL ACTION No. 04-12692 RCL

## STIPULATED ORDER AND PERMANENT INJUNCTION

WHEREAS, Plaintiff Numeric Investors LLC ("Numeric") sought a Temporary Restraining Order on December 23, 2004 based upon allegations that Defendant Ryan H. Sowers ("Sowers") has misappropriated Numeric trade secrets using unauthorized access to Numeric computer systems;

WHEREAS, the Court issued a Temporary Restraining Order on December 23, 2004 (attached hereto as Exhibit A);

WHEREAS, the Temporary Restraining Order was served on Sowers at or about 7:40 pm on December 23, 2004 at Sowers' residence at 504 Beacon Street Boston, Massachusetts;

WHEREAS, Sowers engaged legal counsel on December 28, 2004 to determine his rights and responsibilities;

WHEREAS, Sowers and Numeric (collectively, the "Parties") have agreed to engage in efforts to settle this matter without recourse to further judicial action;

WHEREAS, the Parties have agreed that resort to limited, expedited discovery and additional injunctive relief as set forth below is necessary to reach a settlement;

NOW THEREFORE, having begun the process of exploring steps to resolve Numeric's claims against Sowers, the Parties hereby stipulate and agree as follows:

1.  The hearing to be held on December 30, 2004 at 10:00 am, shall be postponed indefinitely until such time as one of the Parties moves this Court for relief not granted by this Order or, alternatively, the Parties jointly inform the Court that this matter has been resolved.

2.  The terms of the Temporary Restraining Order entered by this Court on December 23, 2004 shall otherwise remain in effect until March 1, 2005.

3.  The Parties acknowledge that Sowers has delivered a computer hard drive, a laptop computer and Palm handheld computer to Numeric on December 28, 2004. Sowers shall immediately deliver any other computers, computer systems, including without limitation desktop, laptop, handheld or portable computers, electronic storage devices and media within his possession, custody or control to Numeric at One Memorial Drive Cambridge, Massachusetts for future delivery to and inspection by an independent forensic computer expert (the "Independent Expert") to be retained by counsel for Numeric.

4.  Sowers authorizes and shall permit the immediate inspection, by the Independent Expert, of (a) all computers, computer systems, including without limitation desktop, laptop, handheld or portable computers, electronic storage devices and media owned or controlled by Sowers, (b) the physical premises at Sowers' residence at 504 Beacon Street Boston, Massachusetts, and Sowers' residence at 22 Joclyn Avenue Framingham, Massachusetts to ensure that Sowers has delivered all computers, computer systems, including without limitation desktop, laptop, handheld or portable computers, electronic storage devices and media within his possession, custody or control to Numeric and (c) all remote computer accounts, email accounts, file storage accounts, or networked computer access registered or used by Sowers, including, but not limited to accounts at the following Internet sites: "www.wookieeland.com," "www.uofr.net" and "exchange.1and1.com." The Parties affirm that inspection shall be made to determine the

possession, presence, use, disclosure, transfer of or access to Numeric materials and shall not be made for the purpose of obtaining Sowers' personal information or information unrelated to the allegations made in the Verified Complaint.

5. Sowers shall appear at offices of counsel for Numeric at 155 Seaport Boulevard Boston, Massachusetts for two depositions to testify under oath about the unauthorized access and transfer of Numeric materials set forth in the allegations made in the Verified Complaint. The first deposition will take place on Thursday, December 30, 2004 at 9:00 a.m.. The second deposition will take place at a mutually agreed-upon date after the Independent Expert has completed the inspection(s) set forth in this Stipulated Order and Permanent Injunction and has made a full report on the results of the inspection(s), to the extent said deposition is necessary to investigate information reported by the Independent Expert.

6. Sowers shall provide Numeric with the name, address, telephone numbers, email address and any other computer contact information in Sowers' possession, custody or control of Matthew van Vlack, van Vlack's employer(s) and MaunaKai Capital Partners.

7. Sowers shall provide Numeric with a detailed and specific inventory of (a) all materials, documents, files, information or data belonging to or related to Numeric in Sowers' possession, custody or control, and (b) all transactions, transfers, copying, downloads, email communication and deletions of Numeric materials performed by Sowers or by any other person acting in concert with Sowers from the beginning of time until the present.

8. Sowers shall provide Numeric with a detailed and specific inventory, and identifying by name, address, telephone number and any computer contact information, any person or entity to whom Sowers has disclosed any materials, documents, files, information or data belonging to Numeric from the beginning of time until the present.

9. Sowers shall return to Numeric all materials, documents, files, information or data belonging to Numeric.

10. Sowers shall be and is hereby permanently enjoined from directly or indirectly:

   a. taking any action whatsoever, or causing any other person to take any action whatsoever, directly or indirectly, to disclose to any third party, including by means of electronic transfer, materials, documents, files, information or data belonging to Numeric;

   b. destroying or causing any other person to destroy any materials, documents, files, information or data on any computer, computer system, electronic storage device or media of any kind or nature belonging to Numeric within his possession, custody or control; and

   c. taking, accessing or otherwise obtaining, or causing any other person to take, access or obtain, materials, documents, files, information or data belonging to Numeric.

RYAN H. SOWERS,

By his attorney,

/s/ Justine H. Brousseau
Justine H. Brousseau, BBO No. 553776
KIMBALL, BROUSSEAU & MICHON, LLP
One Washington Mall
Boston, Massachusetts 02108
(617) 367-9449

NUMERIC INVESTORS LLC,

By its attorneys,

/s/ Gabriel M. Helmer
Michele A. Whitham, BBO No. 553705
Gabriel M. Helmer, BBO No. 652640
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 832-1000

- 5 -

The Court, having considered the Stipulated Order and Permanent Injunction presented by both Parties, so orders as set forth above.


DATED: _____    _____
                                 United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NUMERIC INVESTORS, LLC., )<br>         Plaintiff  )<br>  )<br>v.  )<br>  )<br>RYAN H. SOWERS,  )<br>         Defendant  )<br>  ) | C.A. No. 04-12692-RCL |

TEMPORARY RESTRAINING ORDER

This cause came to be heard upon an ex parte motion of plaintiff Numeric Investors LLP ("Numeric") for the issuance of a temporary restraining order to the defendant, Ryan H. Sowers ("Sowers"). Upon consideration thereof, the court finds, from specific facts shown by the verified complaint, that immediate harm will result to the applicant before the adverse party or that party's attorney can be heard in opposition and that all of the conditions for the issuance of a temporary restraining order have been made. Accordingly, the court orders the following:

1.   Sowers, and his agents, servants, employees, representatives and all those in active concert with him or them or under his or their control, shall immediately:

    a.   refrain from taking any action whatsoever, or causing any other person to take any action whatsoever, directly or indirectly, to disclose to any third party, including by means of electronic transfer, materials, documents, files, information or data belonging to Numeric;

    b.   refrain from destroying or causing any other person to destroy any materials, documents, files, information or data on any computer, computer system, electronic storage device or media of any kind or nature within his possession, custody or control;

  c. refrain from taking, accessing or otherwise obtaining, or causing any other person to take, access or obtain, materials, documents, files, information or data belonging to Numeric; and

  d. maintain a record of all transactions, including transfers, email communications, copying and downloads, performed by him, or any other person, on any computer or electronic storage device or media of any kind or nature within his possession, custody or control.

2. File papers in this court and serve on the plaintiff by 3:00 p.m. on Tuesday, December 28, 2004, setting forth reasons why the court should not:

  a. extend the relief granted as set forth above;

  b. order the following additional relief at a hearing to be held on December 30, 2004 at 10:00 a.m.;

   (i) inspection of all computers, computer systems, electronic storage devices and media by a court appointed forensic computer expert;

   (ii) provide Numeric with a detailed and specific inventory of (a) all materials, documents, files, information or data belonging to Numeric in Sowers' possession, custody or control, and (b) all transactions, transfers, copying, downloads, email communication and deletions done by you of Numeric materials;

   (iii) provide Numeric with a detailed and specific inventory, and identifying by name, address, telephone number and any computer contact information, to whom Sowers has disclosed any materials, documents, files, information or data belonging to Numeric; and

      (iv)    return to Numeric all materials, documents, files, information or data belonging to Numeric.

3.    The parties will be heard on the plaintiff's application for a preliminary injunction at 10:00 a.m. on Thursday, December 30, 2004, in courtroom 11 of the John J. Moakley Courthouse, Boston, MA.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED: December 23, 2004

4:00 P.M.
12/23/04