UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12692 RCL

| | |
|---|---|
| NUMERIC INVESTORS LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYAN H. SOWERS, )<br>Defendant. ) | |

# DEFENDANT RYAN H. SOWERS' ANSWER TO VERIFIED COMPLAINT

Defendant, Ryan H. Sowers (hereinafter "Defendant" or "Sowers"), answers the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in paragraph 1 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

3. Defendant neither admits nor denies the allegations contained in paragraph 3 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## General Allegations

### 1. Parties

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint, except to say that he resides at 22 Joclyn Avenue, Framingham, Massachusetts.

### 2. Background

#### Numeric's Multi-Million Dollar Computer Databases, Simulations and Models.

6. Defendant admits the allegations contained in the first sentence of paragraph 6 of the Complaint, except to say that Sowers lacks the knowledge or information sufficient to admit or deny that Numeric "generates annual revenues between $50 and $100 million." Defendant admits the allegations contained in the second sentence of paragraph 6 of the Complaint

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies same.

#### Sowers' Duty of Confidentiality to Numeric.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint. Furthering answering, Defendant says that he also had production responsibilities including archiving daily data to the save server diskspace.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. With respect to the allegations referred to in paragraph 12 of the Complaint, Defendant states that the documents referred to therein speak for themselves.

13. With respect to the allegations referred to in paragraph 13 of the Complaint, Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same.

14. With respect to the allegations referred to in paragraph 14 of the Complaint, Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same.

15. With respect to the allegations referred to in paragraph 15 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

### The Termination of Sowers' Employment With Numeric.

16. Defendant admits the allegations contained in the first sentence of paragraph 16 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 16 of the Complaint, except to say that Numeric and Sowers agreed that Sowers would continue working for Numeric between November 30 and December 15 (the "Transition Period").

17. Defendant admits the allegations contained in the first sentence of paragraph 17 of the Complaint. With respect to the remaining allegations contained in paragraph 17 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

18. With respect to the allegations referred to in paragraph 18 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

19. With respect to the allegations referred to in paragraph 19 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

20. Defendant denies the allegations contained in the first sentence of paragraph 20 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 20 of the Complaint, except to say that shortly after he was terminated, Paul Taylor came to Sowers and told him [Sowers] that it was his understanding that Sowers would be going to work with Matt van Vlack and Sowers responded "you could assume that." In further answer, Defendant admits that he had similar conversations with Irwan The, Denis Suverov and Jens Lisenski. Further, Defendant admits Matthew van Vlack is a former Numeric employee who, upon information and belief, is currently employed by MaunaKai Capital Partners, a Hong Kong- based company providing investment advisory services comparable to services offered by Numeric. Defendant admits the allegations contained in the third sentence of paragraph 20 of the Complaint. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 20 of the Complaint, and therefore denies same.

### Sowers' Theft, Transfer and Destruction of
### Numeric's Multi-Million Dollar, Confidential Files.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in the first sentence of paragraph 22 of the Complaint. Defendant admits the allegations contained in the second, third and fourth sentences of paragraph 22 of the Complaint. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 20 of the Complaint, and therefore denies same, except to say that there is no definite storage philosophy on Numeric's servers and that Defendant occasionally stored files on NOSNAP. Defendant admits the allegations contained in the seventh sentence of paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in the first sentence of paragraph 23 of the Complaint, except with respect to the allegations referred to in paragraph 23 regarding documents to which Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same. Defendant denies the allegations contained in the second sentence of paragraph 23 of the Complaint, except to say that he did ask the systems administrator to assist him. Defendant denies the allegations contained in the third sentence of paragraph 23 of the Complaint except to say that after speaking with Mr. Joumas, Defendant was told he could take the laptop home to retrieve personal files off of it. Defendant admits the allegations contained in the fourth sentence of paragraph 23 of the Complaint.

24. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the first and second sentences of paragraph 24 of the Complaint.

Defendant admits the allegations contained in the third sentence of paragraph 24 of the Complaint, except to say that admitted to Mr. Furdak that he had deleted email files. Defendant admits the allegations contained in the fourth sentence of paragraph 24 of the Complaint.

25. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in first sentence of paragraph 25. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in second sentence of paragraph 25 regarding the investigation, and denies the remaining allegations in second sentence of paragraph 25.

26. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 26 regarding the investigation, and denies the remaining allegations in paragraph 26.

27. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 27 regarding the review of Numeric computers, and denies the remaining allegations in paragraph 27, except to say that www.wookieland.com, and www.uofr.net, are accounts registered to or maintained by the Defendant.

28. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the first sentence of paragraph 28 regarding the investigation, and denies the remaining allegations in the first sentence of paragraph 28. Defendant admits the allegations contained in the second sentence of paragraph 28 of the Complaint, except to say that he deleted his mailbox off his desktop machine not the Numeric server, with the belief that it was backed up on the system.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint. In further answer, Defendant never requested permission to transfer files because Defendant never transferred Numeric files outside of Numeric.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 32 regarding the investigation, and admits the remaining allegations in paragraph 32.

33. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 33 regarding the investigation, and denies the remaining allegations in paragraph 33.

34. Defendant admits the allegations in the first sentence of paragraph 34 of the Complaint. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the second sentence of paragraph 34, and therefore denies the same.

## COUNT I

### Violations of the Computer Fraud Act, as amended by the USA PATRIOT Act of 2001 (18 U.S.C. § 1030)

35. Defendant's responses to paragraphs 1 through 34 above are incorporated herein by reference and reasserted as if fully set forth herein.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant neither admits nor denies the allegations contained in paragraph 38 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

### Violations of the Stored Communications Act (18 U.S.C. § 2701, *et seq.*)

39. Defendant's responses to paragraphs 1 through 38 above are incorporated herein by reference and reasserted as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant neither admits nor denies the allegations contained in paragraph 41 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

## COUNT III

### Misappropriation of Trade Secrets, Confidential and Proprietary Information

42. Defendant's responses to paragraphs 1 through 41 above are incorporated herein by reference and reasserted as if fully set forth herein.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant neither admits nor denies the allegations contained in paragraph 44 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV

### Violation of M.G.L. Ch. 93 §§ 42 and 42A

45. Defendant's responses to paragraphs 1 through 44 above are incorporated herein by reference and reasserted as if fully set forth herein.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant neither admits nor denies the allegations contained in paragraph 48 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

49. Defendant neither admits nor denies the allegations contained in paragraph 49 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

## COUNT V

### Breach of Contract

50. Defendant's responses to paragraphs 1 through 49 above are incorporated herein by reference and reasserted as if fully set forth herein.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant admits the allegations in the first sentence of paragraph 52 of the Complaint. With respect to the allegations referred to in the second sentence of paragraph 52 of the

Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

53. Defendant denies the allegations in the first sentence of paragraph 53 of the Complaint. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the second sentence of paragraph 53, and therefore denies the same.

54. Defendant admits the allegations in the first sentence of paragraph 54 of the Complaint. With respect to the allegations referred to in the second sentence of paragraph 54 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

### EQUITABLE AND LEGAL RELIEF

55. Defendant's responses to paragraphs 1 through 54 above are incorporated herein by reference and reasserted as if fully set forth herein.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant neither admits nor denies the allegations contained in paragraph 58 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

59. Defendant neither admits nor denies the allegations contained in paragraph 59 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

60. Defendant neither admits nor denies the allegations contained in paragraph 60 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

61. Defendant neither admits nor denies the allegations contained in paragraph 61 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

62. Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint as they are conclusory in nature and purport to state conclusions of law which no response is required. To the extent a response is required, the allegations are denied.

## Affirmative Defenses

1. Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

2. Defendant has acted reasonably, in good faith, and in accordance with his legal duties, rights, and obligations at all material times hereto.

3. Defendant hereby gives notice that he intends to rely upon such other and further defense as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend his Answer to assert any such defense.

### Defendant's Verification

I, Ryan H. Sowers, Defendant in the above-captioned matter, have read the foregoing Answer to Plaintiff's Verified Complaint and state that all answers set forth above are true, except for those statements made on information and belief, and as to those, I believe them to be true.

Signed under the penalties of perjury this 12th day of January, 2005.

_____
Ryan H. Sowers

Respectfully Submitted,
By His Attorneys

_____
Justine H. Brousseau, BBO #553776
jbrousseau@kbmlaw.com
Nina Joan Kimball, BBO #547567
nkimball@kbmlaw.com
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA 02108
(617) 367-9449

DATED: January 12, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2005, I served a copy of the above document on the attorney of record for the plaintiff via first class mail, postage prepaid

_____
Paralegal