UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 JAN 25  P 5: 33

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RYAN H. SOWERS,<br><br>　　　　　　　Defendant. | CIVIL ACTION No. 04-12692 RCL<br><br>FILED UNDER SEAL<br>CONFIDENTIAL: RESTRICTED DISCLOSURE<br>**REDACTED FOR PUBLIC** |

## EMERGENCY JOINT MOTION FOR IMMEDIATE DISCOVERY CONCERNING THE TRANSFER OF CONFIDENTIAL ELECTRONIC DOCUMENTS

This Emergency Joint Motion arises in consequence of Defendant Ryan H. Sowers' ("Sowers") admission under oath on January 12, 2005, that he has misappropriated confidential, proprietary and, by Sowers's own admission, "invaluable" electronic files belonging to his former employer, Plaintiff Numeric Investors LLC ("Numeric") (jointly the "Parties"). Because the purloined electronic files are backed up in various remote Internet accounts, are accessible from anywhere in the world via the Internet and can be transferred forward almost instantaneously from one Internet account to other such accounts or computers, anywhere in the world, with just the push of a button; because Sowers has testified under oath that he intends to continue to work in the investment advisory industry and took Numeric's property in order to test his theories of investing; because Sowers has previously misrepresented these facts and tried to hide from Numeric what he now admits that he did and thus has little credibility with Numeric at this juncture; and because Sowers has agreed to cooperate with Numeric in its efforts to locate and protect the confidential files at issue, the Parties hereby jointly move that this Court, on an expedited basis, authorize Numeric to:

- issue subpoenas for the production of documents and things from and, if necessary, to compel the deposition of ▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████;[1]

- issue subpoenas to compel the deposition of, and the production of documents and things from, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████; and

- issue subpoenas to compel the deposition of, and production of documents and things from, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████.

The Parties acknowledge that this discovery is necessary to enable Numeric to reasonably determine (1) the full extent of Numeric's electronic property taken by Sowers; (2) the whereabouts of each and every one of the electronic files taken by Sowers; (3) the extent of the further transfer of Numeric property from Sowers to other parties; and (4) further to permit Numeric to recover its property and contain its damages.

In further support of this Motion, the Parties state as follows:

1.     Numeric filed the Complaint in this action on December 23, 2004, alleging, among other things, that in December 2004 Sowers transferred confidential Numeric materials

---

[1] ████████████████████████████

outside of the company to remote Internet accounts controlled by Sowers in order to disseminate the materials to Numeric competitors. In filing its Complaint, Numeric petitioned for immediate temporary injunctive relief. The Court in fact issued a Temporary Restraining Order (Court Docket No. 7) on December 23, 2004, ordering Sowers to refrain from accessing or disseminating any Numeric files and from destroying any files on his computer systems or remote Internet accounts.

2. Shortly after the filing of this lawsuit, the Parties agreed that locating any confidential Numeric materials and ensuring that no unauthorized disclosure had occurred was an extremely urgent matter. The Parties filed a Stipulated Order with the Court on December 28, 2004 seeking the immediate review of all Sowers computers and remote Internet accounts. On December 30, 2004, this Court issued a Stipulated Order and Preliminary Injunction (Court Docket No. 9) that authorized the immediate inspection of all computers and remote Internet accounts controlled by Sowers.

3. Numeric's diligent inspection of the computers and remote Internet accounts authorized by Sowers and the Court revealed, on January 11, 2005, that not only did Sowers transfer massive volumes of confidential Numeric materials to remote Internet accounts, but that Sowers had withheld the name of a primary remote Internet account that he used to store Numeric materials. Moreover, Numeric's inspection revealed that Sowers intentionally deleted Numeric files in his possession as well as other electronic files that would have indicated his unauthorized access to Numeric files.

4. On January 12, 2005, confronted by the results of Numeric's inspection, Sowers admitted that during December 2004, he had transferred confidential Numeric files at the core of

Numeric's business to several of Sowers' remote Internet accounts, including an account Sowers had not previously disclosed to Numeric.

5.  Sowers also admitted that, during the course of this lawsuit, he knowingly and intentionally took steps on several prior occasions in order to conceal this activity.

6.  Sowers also admitted on January 12th that he had deleted files and terminated a remote Internet account in the effort to eliminate evidence of his actions.

7.  Sowers' tampering and misrepresentations have put in jeopardy Numeric's time-sensitive efforts to locate confidential Numeric materials and contain any further transfers of its files. In consequence, Numeric has been unable to gain control of all confidential Numeric materials that Sowers now admits that he did in fact obtain, and Numeric now faces the real danger that tampering and delay will destroy the only evidence that Numeric materials have been transferred to other parties as well as all records that could identify those parties.

8.  Numeric is particularly concerned about the delays caused by Sowers' actions since the filing of the lawsuit because Sowers (1) has admitted to repeatedly attempting to conceal his transfer of Numeric materials and (2) is ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████.

9.  Under these circumstances, immediate discovery is necessary for several reasons. First and foremost, it is now uncontested that Sowers has transferred highly sensitive and highly valuable Numeric files to ████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

- 4 -

██████████████████████████████████████████████████████████████
████████████████████████.

10. Second, Sowers repeated misrepresentations and attempts to conceal evidence in this case provide good cause to obtain immediate, limited discovery in order to protect and preserve all remaining files and records.

11. Third, the records of computer transactions to and from Sowers' Internet accounts are maintained for only short periods of time and even modest delays will likely result in the complete loss of all relevant information. The subset of Internet account providers initially disclosed by Sowers and promptly contacted by Numeric have already reported that electronic records and files related to Sowers' accounts have been lost as a result of the intervening passage of time and it is highly likely that additional records and files will be deleted by the end of January 2005. In consequence, continued delay could make it impossible to track the location of the Numeric files at issue.

12. Fourth, the requested discovery is narrowly limited to three categories: (a) ███████████████████████████████████████████████████████████████████████████████████████████████, (b) ████████████████████████████████████████████████████████████████████████████████████, and (c) ████████████████████████████████████████████████████████████████████████████████████████████████████████.

13. Immediate discovery from ████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████.

14.  Discovery from ██████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████.

15.  Additional discovery from ████████████████████████

████████████████████ is also necessary to determine whether other parties have had access to the confidential Numeric files Sowers transferred and then deleted during this time. Sowers has admitted that he transferred Numeric files to remote Internet accounts and has also acknowledged that he deleted Numeric files from his computers and Internet accounts. During the time period that he was engaging in these activities, ████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████.

16. 

. Moreover, in view of Sowers' attempts to conceal his activities, Numeric has reasonable grounds to seek immediate discovery to confirm the extent of the cover up and confirm the facts set forth in Sowers' inconsistent statements.

17.    In sum, shortly following the filing of this lawsuit, the Parties agreed and the Court authorized immediate discovery in order to locate and secure the highly sensitive Numeric files at issue in this action. Now that it has become clear that Sowers did not fully disclose the elements of the "electronic highway" which Numeric's files may have traveled and thereby delayed and frustrated the discovery process, it is urgent that the Parties undertake limited, immediate discovery to preserve what evidence remains and to secure files that Sowers has admitted to transferring to remote Internet accounts.

18.    The Parties agree that the preliminary schedule set by the Court's January 19, 2005 Notice of Scheduling Conference, while expeditious, will not allow discovery to proceed rapidly enough to prevent the loss of important information, files and records.

WHEREFORE, the Parties respectfully request that this Court grant leave for immediate discovery as to (1) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████████████

████████████████████████████████, (2) ████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████

████████, and (3) █████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████.

Respectfully submitted,

RYAN H. SOWERS,                                    NUMERIC INVESTORS LLC,

By his attorney,                                   By its attorneys,

*/s/ Justine H. Brousseau*                         */s/ Michael M. Helmer*
Justine H. Brousseau, BBO No. 553776               Michele A. Whitham, BBO No. 553705
KIMBALL, BROUSSEAU & MICHON, LLP                   Gabriel M. Helmer, BBO No. 652640
One Washington Mall                                FOLEY HOAG LLP
Boston, Massachusetts 02108                        155 Seaport Boulevard
(617) 367-9449                                     Boston, Massachusetts 02210
                                                   (617) 832-1000

Dated: January 25, 2005