UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

        Plaintiff,

v.

RYAN H. SOWERS,

        Defendant.

CIVIL ACTION No. 04-12692 RCL

## EMERGENCY JOINT MOTION FOR IMPOUNDMENT AND LIMITED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7.2, Plaintiff Numeric Investors LLC ("Numeric") and Defendant Ryan H. Sowers ("Sowers") hereby jointly request that this Court allow the impoundment of the Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential Electronic Documents, that is filed herewith in redacted form and under seal in unredacted form pursuant to Local Rule 7.2(d) and the Court's January 19, 2005 Notice. By this motion, the Parties further jointly request that this Court enter the Stipulated Limited Protective Order in the form attached hereto, which limits disclosure of the details of the Parties' preliminary investigation and, in particular, of information that could trigger public access to confidential Numeric materials stored on remote Internet accounts or destruction of Numeric electronic materials, until the Parties have exhausted their ability to locate and recover the confidential Numeric materials that Sowers has admitted he transferred in the course of expedited discovery taken to date in this case pursuant to the Stipulated Order and Preliminary Injunction (Court Docket No. 9) entered by the Court on December 30, 2004.

This motion is submitted as an emergency motion because the relief requested in Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential Electronic Documents, *i.e.*, immediate discovery necessary to inhibit any further transfer and

disclosure of Numeric's property, may be beyond reach if the Court does not resolve both these motions immediately.

In support of this motion, the Parties state as follows:

1. On January 12, 2004, Sowers admitted under oath that, in December 2004, he successfully transferred electronic files containing confidential and "invaluable" Numeric materials to remote Internet accounts under his control.

2. Sowers's admissions came after he had denied his transfers in five prior statements and engaged in various other acts of deception, including among other things, the deletion of files relevant to this lawsuit.[1]

3. In consequence of Sowers' repeated efforts to conceal the truth, he is utterly lacking in credibility to Numeric at this time.

4. The Parties are now working together to locate and recover the files Sowers transferred to contain the damages suffered by Numeric, which efforts Sowers believes are in his best interest.

5. The files transferred by Sowers contain Numeric's proprietary software, models, stock market simulator and databases, as well as email belonging to Numeric. The files Sowers transferred could contain the entire analytical core of Numeric's business which Numeric researchers created as part of a confidential development process. Numeric requires that employees sign confidentiality agreements in order to protect these files from disclosure. The loss of these files to competitors would be catastrophic to Numeric. Sowers archived and compressed these highly sensitive Numeric materials into particular electronic files so that they could be easily transferred from one computer to another.

---

[1] In making this and subsequent emergency filings, Numeric expressly reserves the right to seek all additional and appropriate relief from Sowers in this matter.

6. Federal Rule 26(c)(7) authorizes the Court to make any order which justice requires to protect from disclosure "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(7). The Parties agree that the files Sowers transferred contain highly sensitive trade secrets as set forth by Federal Rule 26(c)(7) and that good cause exists to protect these trade secrets from disclosure in the manner requested by this motion for several reasons discussed in greater detail below.

7. The remote Internet accounts to which Sowers transferred Numeric's admittedly invaluable materials are accessible from anywhere in the world via the Internet, if a user possesses the correct username and password or the skills to "hack" into such accounts. Moreover, electronic files such as the ones at issue can be transferred almost instantaneously from one Internet account to other accounts or computers, anywhere in the world, with just the push of a button. As set forth in The Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential Electronic Documents ("Motion for Immediate Discovery") the discovery conducted to date in this case has unearthed several remote Internet accounts previously undisclosed by Sowers that he has used to store unauthorized copies of confidential Numeric materials, and Numeric reasonably believes others will be discovered.

8. The Motion for Immediate Discovery also identifies numerous individuals and entities who may have had, and/or have had reason or opportunity to obtain, access to the Numeric materials at issue who may themselves have transferred Numeric's files to themselves or others, or who may possess information relevant to the recovery of those materials. Moreover, the discovery that has occurred to date and the discovery requested in the Motion for Immediate Discovery is expected to identify not only the location of the Numeric files, as well as

additional usernames and passwords used by Sowers, but such discovery could itself result in the recovery of the confidential Numeric files at issue.

9. In particular, as also set forth in the Motion for Immediate Discovery, Sowers has admitted his intention to continue to work in investment advisory industry for firms competing with Numeric, has been in recent, extensive communications with two former Numeric employees currently competing with Numeric and has claimed repeatedly that he is working for a competitor investment advisory firm. In addition, Sowers has at relevant times had two live-in girlfriends and also been in contact with his brother, all of whom may have knowledge of the activities that are the subject of this investigation. It is from this identifiable, limited group of persons that Numeric also seeks to take immediate discovery.

10. In consequence of Sowers' deceptions in this case, including his efforts to conceal and destroy the records of his activities, Numeric is reasonably concerned that, if Sowers is informed precisely of the steps Numeric intends to take to locate and recover control over its property, he or his associates will have the opportunity to beat Numeric to the punch and cause further damage.

11. The relief requested will thus shield Numeric's efforts from any further attempt to alter, destroy or conceal relevant evidence.

12. Limiting disclosure of the precise steps Numeric is taking to recover its materials will also protect Numeric from invasions by unknown third parties. All that is required to provide any individual with immediate access to the invaluable Numeric files are the details of Sowers' transfers, such as the names of the Internet accounts and the correct usernames and passwords. Individuals with significant computer skill could access these accounts and files with even less information. As a result, the Parties' Motion for Immediate Discovery as well as the

discovery produced in this case could, until Numeric locates and secures all of its files, effectively disclose to the public the confidential information and material that Numeric initiated this lawsuit to protect.

13. In general, limiting the disclosure of the details of the investigation will offset the risk that advance notice will cause third parties to gain access, either innocently or otherwise, to the sensitive electronic files at issue.

14. Under these circumstances and pursuant to Rule 26(c), the Parties agree that there is good cause to limit to particular individuals the disclosure of the sensitive details of the ongoing investigation in this matter.

15. The Parties agree that good cause exists to impound the Parties' Motion for Immediate Discovery until such time as the Parties inform the Court that they have exhausted their opportunities to locate and recover the Numeric materials at issue in this action. The Parties further agree that this action is in each of their respective interests.

16. For these same reasons, the Parties agree that good cause exists to issue the Stipulated Limited Protective Order in the form attached hereto which restricts the disclosure of all details concerning the investigative phase of this case to counsel for the Parties, Numeric employees familiar with the materials at issue and the Independent Computer Experts retained by Numeric in this action, until such time as the Parties inform the Court that they have exhausted their opportunities to locate and recover the Numeric materials at issue in this action. To be clear, the Parties seek by this Order to limit Sowers' personal knowledge of the *details* of the discovery to the knowledge of his attorney of record.

WHEREFORE, the Parties jointly request that this Court impound the Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential

Electronic Documents, and issue the Stipulated Limited Protective Order in the form attached hereto.

Respectfully submitted,

| RYAN H. SOWERS, | NUMERIC INVESTORS LLC, |
|---|---|
| By his attorney, | By its attorneys, |
| *(signature)* | *(signature)* |
| Justine H. Brousseau, BBO No. 553776 | Michele A. Whitham, BBO No. 553705 |
| KIMBALL, BROUSSEAU & MICHON, LLP | Gabriel M. Helmer, BBO No. 652640 |
| One Washington Mall | FOLEY HOAG LLP |
| Boston, Massachusetts 02108 | 155 Seaport Boulevard |
| (617) 367-9449 | Boston, Massachusetts 02210 |
| | (617) 832-1000 |

Dated: January 25, 2005