UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12692 RCL

| | |
|---|---|
| NUMERIC INVESTORS LLC, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| RYAN H. SOWERS, <br> Defendant. | ) <br> ) <br> ) |

# DEFENDANT RYAN H. SOWERS' AMENDED ANSWER[1] TO VERIFIED COMPLAINT

Defendant, Ryan H. Sowers (hereinafter "Defendant" or "Sowers"), answers the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in paragraph 1 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required. To the extent a response is required, the allegations are denied.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

3. Defendant neither admits nor denies the allegations contained in paragraph 3 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

---

[1] Counsel submits this amended answer pursuant to Rule 3.3(4) of the Massachusetts Rules of Professional Conduct as a "reasonable remedial measure" meant to correct false information provided in the original answer.

## General Allegations

### 1. Parties

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint, except to say that he now resides at 22 Joclyn Avenue, Framingham, Massachusetts.

### 2. Background

### Numeric's Multi-Million Dollar Computer Databases, Simulations and Models.

6. Defendant admits the allegations contained in the first sentence of paragraph 6 of the Complaint, except to say that Sowers lacks the knowledge or information sufficient to admit or deny that Numeric "generates annual revenues between $50 and $100 million." Defendant admits the allegations contained in the second sentence of paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies same.

### Sowers' Duty of Confidentiality to Numeric.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint. Further answering, Defendant says that he also had production responsibilities including archiving daily data to the save server diskspace.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. With respect to the allegations referred to in paragraph 12 of the Complaint, Defendant states that the documents referred to therein speak for themselves.

13. With respect to the allegations referred to in paragraph 13 of the Complaint, Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same.

14. With respect to the allegations referred to in paragraph 14 of the Complaint, Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same.

15. With respect to the allegations referred to in paragraph 15 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

### The Termination of Sowers' Employment With Numeric.

16. Defendant admits the allegations contained in the first sentence of paragraph 16 of the Complaint. Defendant admits the allegations contained in the second sentence of paragraph 16 of the Complaint, except to say that Numeric and Sowers agreed that Sowers would continue working for Numeric between November 30 and December 15 (the "Transition Period").

17. Defendant admits the allegations contained in the first sentence of paragraph 17 of the Complaint. With respect to the remaining allegations contained in paragraph 17 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

18. With respect to the allegations referred to in paragraph 18 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

sufficient to form a belief as to the truth of the allegations in the fifth and sixth sentences of paragraph 20 of the Complaint, and therefore denies same, except to say that there is no definite storage philosophy on Numeric's servers and that Defendant occasionally stored files on NOSNAP. Defendant admits the allegations contained in the seventh sentence of paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in the first sentence of paragraph 23 of the Complaint, except with respect to the allegations referred to in paragraph 23 regarding documents to which Defendant states that the documents referred to therein speak for themselves, and Defendant denies any characterization of same. Defendant denies the allegations contained in the second sentence of paragraph 23 of the Complaint, except to say that he did ask the systems administrator to assist him. Defendant denies the allegations contained in the third sentence of paragraph 23 of the Complaint except to say that after speaking with Mr. Joumas, Defendant was told he could take the laptop home to retrieve personal files off of it. Defendant admits the allegations contained in the fourth sentence of paragraph 23 of the Complaint.

24. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the first and second sentences of paragraph 24 of the Complaint. Defendant admits the allegations contained in the third sentence of paragraph 24 of the Complaint, except to say that he admitted to Mr. Furdak that he had deleted email files. Defendant admits the allegations contained in the fourth sentence of paragraph 24 of the Complaint.

25. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in first sentence of paragraph 25. Defendant lacks the knowledge or

information sufficient to admit or deny the truth of the allegations in second sentence of paragraph 25 regarding the investigation. Defendant admits the remaining allegations in second sentence of paragraph 25.

26. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 26 regarding the investigation, and admits the remaining allegations in paragraph 26.

27. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 27 regarding the review of Numeric computers. Defendant admits the remaining allegations in paragraph 27.

28. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the first sentence of paragraph 28 regarding the investigation. Defendant denies the remaining allegations in the first sentence of paragraph 28. Defendant denies the allegations contained in the second sentence of paragraph 28 of the Complaint, and further answers that he deleted his mail folder off his desktop machine not the Numeric server, with the belief that it was backed up on the system.

29. Defendant denies the allegations contained in the first sentence of paragraph 29 of the Complaint. As to the allegations in the second sentence of paragraph 29, Defendant admits to the allegations regarding the collecting and transferring of the European databases, simulations and models, but cannot admit nor deny the allegations with regard to the Japanese databases, simulations and models. Defendant denies the allegations in the third sentence of paragraph 29.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 32 regarding the investigation, and admits the remaining allegations in paragraph 32.

33. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 33.

34. Defendant admits the allegations in the first sentence of paragraph 34 of the Complaint. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the second sentence of paragraph 34.

## COUNT I

### Violations of the Computer Fraud Act, as amended by the USA PATRIOT Act of 2001 (18 U.S.C. § 1030)

35. Defendant's responses to paragraphs 1 through 34 above are incorporated herein by reference and reasserted as if fully set forth herein.

36. Defendant neither admits nor denies the allegations contained in paragraph 36 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

37. Defendant neither admits nor denies the allegations contained in paragraph 36 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

38. Defendant neither admits nor denies the allegations contained in paragraph 38 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## COUNT II

### Violations of the Stored Communications Act (18 U.S.C. § 2701, *et seq.*)

39. Defendant's responses to paragraphs 1 through 38 above are incorporated herein by reference and reasserted as if fully set forth herein.

40. Defendant neither admits nor denies the allegations contained in paragraph 40 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

41. Defendant neither admits nor denies the allegations contained in paragraph 41 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## COUNT III

### Misappropriation of Trade Secrets, Confidential and Proprietary Information

42. Defendant's responses to paragraphs 1 through 41 above are incorporated herein by reference and reasserted as if fully set forth herein.

43. Defendant admits the allegations in paragraph 43 of the Complaint, except to say that the information may not constitute trade secrets.

44. Defendant neither admits nor denies the allegations contained in paragraph 44 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## COUNT IV

### Violation of M.G.L. Ch. 93 §§ 42 and 42A

45. Defendant's responses to paragraphs 1 through 44 above are incorporated herein by reference and reasserted as if fully set forth herein.

46. Defendant admits the allegations in paragraph 46 of the Complaint, except to allegations of intent to disclose, which Defendant denies.

47. Defendant admits the allegations in paragraph 47 of the Complaint, except to say that the information may not constitute trade secrets.

48. Defendant neither admits nor denies the allegations contained in paragraph 48 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

49. Defendant neither admits nor denies the allegations contained in paragraph 49 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## COUNT V

### Breach of Contract

50. Defendant's responses to paragraphs 1 through 49 above are incorporated herein by reference and reasserted as if fully set forth herein.

51. Defendant admits the allegations in paragraph 51 of the Complaint.

52. Defendant admits the allegations in the first sentence of paragraph 52 of the Complaint. With respect to the allegations referred to in the second sentence of paragraph 52 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

53. Defendant admits the allegations in the first sentence of paragraph 53 of the Complaint except to say that the files are no longer retained. Defendant lacks the knowledge or information sufficient to admit or deny the truth of the allegations in the second sentence of paragraph 53, and therefore denies the same.

54. Defendant admits the allegations in the first sentence of paragraph 54 of the Complaint. With respect to the allegations referred to in the second sentence of paragraph 54 of the Complaint, Defendant states that the document referred to therein speaks for itself, and Defendant denies any characterization of same.

## EQUITABLE AND LEGAL RELIEF

55. Defendant's responses to paragraphs 1 through 54 above are incorporated herein by reference and reasserted as if fully set forth herein.

56. Defendant admits the allegations in the first and second sentences of paragraph 56 of the Complaint, except to say that the information, documents and files have been deleted and are no longer in his possession. Defendant denies allegations in the third sentence of paragraph 56 of the Complaint.

57. Defendant admits the allegations in paragraph 57 of the Complaint, except to say that the information may not constitute trade secrets.

58. Defendant neither admits nor denies the allegations contained in paragraph 58 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

59. Defendant neither admits nor denies the allegations contained in paragraph 59 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

60. Defendant neither admits nor denies the allegations contained in paragraph 60 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

61. Defendant neither admits nor denies the allegations contained in paragraph 61 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

62. Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint as they are conclusory in nature and purport to state conclusions of law for which no response is required.

## **Affirmative Defenses**

1. Defendant hereby gives notice that he intends to rely upon such further defense as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend his Answer to assert any such defense.

## Defendant's Verification

I, Ryan H. Sowers, Defendant in the above-captioned matter, have read the foregoing Amended Answer to Plaintiff's Verified Complaint and state that all answers set forth above are true, except for those statements made on information and belief, and as to those, I believe them to be true.

Signed under the penalties of perjury this 3rd day of February, 2005.

_____
Ryan H. Sowers

Respectfully Submitted,
By His Attorneys

_____
Justine H. Broussean, BBO #553776
jbrousseau@kbmlaw.com
Nina Joan Kimball, BBO #547567
nkimball@kbmlaw.com
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA 02108
(617) 367-9449

DATED: February 3, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2005, I served a copy of the above document on the attorney of record for the plaintiff via first class mail, postage prepaid.

_____
Justine H. Brousseau