UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

    Plaintiff,

v.

RYAN H. SOWERS,

    Defendant.

CIVIL ACTION No. 04-12692 RCL

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

  The parties in the above-captioned action, having fulfilled their obligation to confer in accordance with Loc. R. 16.1(B), hereby submit this Joint Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).

**I. NATURE AND BASIS OF THE CLAIMS AND DEFENSES**

  Plaintiff Numeric Investors LLC ("Numeric"), an investment advisory company headquartered in Cambridge, Massachusetts, filed suit on December 24, 2004, alleging that its former employee, Defendant Ryan H. Sowers ("Sowers"), had improperly transferred highly proprietary, confidential and sensitive Numeric electronic files to offsite Internet sites controlled by Sowers, in violation of the Computer Fraud and Abuse Act (as amended by the USA PATRIOT Act of 2001) (18 U.S.C. § 1030), the Stored Communications Act (18 U.S.C. § 2701, *et seq.*), the Massachusetts Consumer Protection Act (Mass. Gen. L. c. 93, §§ 42 and 42A), and Massachusetts law barring misappropriation of confidential and proprietary business information and trade secrets, and in breach of his contractual duty to maintain Numeric's proprietary business information in confidence and to return it to the Company upon the termination of his employment. Since the suit was filed, Sowers has been subject to a Temporary Restraining Order (and subsequently an assented-to Preliminary Injunction) barring him from further

interference with Numeric's property and requiring him to cooperate with Numeric's efforts to recover its property. In connection with discovery assented to by Sowers to effectuate the purposes of the Preliminary Injunction, Sowers has admitted in a deposition taken in this case to having taken certain Numeric electronic property and has also filed an Answer and Amended Answer also admitting to certain of Numeric's allegations. The parties have been jointly pursuing expedited discovery in an effort to trace the whereabouts of Numeric's property and to determine whether it has fallen into the hands of Numeric's competitors.

II.     **MATTERS TO BE DISCUSSED AT THE RULE 16.1 CONFERENCE**

The parties wish to discuss at the Rule 16.1 Conference to be held in this case on March 16, 2005, the following matters:

A.     The scope of third party discovery that may be needed by Numeric in order to trace its electronic property, to include an as yet undetermined number of subpoenas to appear for depositions to identify, and/or to produce records of, electronic transfers.

B.     The status of the court-approved expedited discovery undertaken to date in this case and the parties' agreement to, in effect, bifurcate proceedings to take advantage of the results of expedited discovery to try to reach an early resolution of the matter.

C.     The schedule for hearing pending discovery motions in the case.

D.     Sowers's counsel's concerns regarding the effect of the standing Protective Order in the case (which bars defense counsel from communicating information about the on-going expedited discovery) on counsel's ability to fully advise Sowers.

III.    **PROPOSED DISCOVERY PLAN**

The parties jointly submit the following proposed schedule for discovery in this case, which schedule is designed to effect an early resolution of the case if possible:

A. <u>Initial Disclosures</u>.  Initial disclosures to be made pursuant to Fed. R. Civ. P. 26(a)(1) on or before 14 days from the day the court approves a discovery schedule.

B. <u>Close of Court-Approved Expedited Fact Discovery</u>.  Numeric is currently conducting eight (8) third party depositions of persons closely associated with Sowers and reasonably thought to be likely to have information regarding the current whereabouts of Numeric's electronic property.  Certain of the third-party deponents have resisted discovery, one motion to compel their cooperation is pending before the Court, and others are soon to be filed.  The parties request that the expedited discovery phase of the case be closed thirty (30) days after the entry of the Court's order on the last motion to compel submitted by Numeric, subject to Numeric's right to seek additional time should any third party continue to resist cooperating in discovery.

C. <u>Judicial Settlement Conference</u>.  In order to explore an early resolution of the case following the close of the expedited discovery phase, the parties request the Court to appoint, in accordance with the provisions of Loc. R. 16.4, a judicial officer to convene and preside over a settlement conference within fourteen (14) days of the close of expedited discovery.

D. <u>Close of All Fact Discovery</u>.  Should the case not be resolved at the conclusion of the expedited discovery phase, fact discovery will continue for the ninety (90) days immediately following the judicial settlement conference.

E. <u>Designation of Initial Expert Witnesses</u>.  The parties will disclose the names, employers and business addresses of all expert witnesses who will testify at trial on issues upon which that party bears the burden of proof and will provide all other information as required by Fed. R. Civ. P. 26(a)(2)(A) within thirty (30) days after the close of fact discovery.

F.    <u>Initial Expert Reports</u>.  The parties shall serve expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) within sixty (60) days after the close of fact discovery.

G.    <u>Designation of Rebuttal Experts</u>.  The parties shall disclose the names, employers and business addresses of all rebuttal expert witnesses who will testify at trial and will provide all other information as required by Fed. R. Civ. P. 26(a)(2)(A) within thirty (30) days of receipt of initial expert reports.

H.    <u>Rebuttal Expert Reports</u>.  The parties shall serve rebuttal expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) within sixty (60) days after receipt of initial expert reports.

I.    <u>Close of Expert Discovery</u>.  The parties shall complete expert discovery within thirty (30) days after the receipt of rebuttal reports or, if there are no designated rebuttal experts, thirty (30) days from the deadline to designate rebuttal experts.

**IV.**    **PROPOSED SCHEDULE FOR FILING OF MOTIONS**

Any motions pursuant to Rules 12, 15, 19 and 20 of the Federal Rules of Civil Procedure and summary judgment motions, if any, shall be filed by no later than thirty (30) days from the close of expert discovery.

**V.**    **PROPOSED SCHEDULE FOR PRE-TRIAL CONFERENCE**

The parties propose that the Court schedule the pre-trial conference for thirty (30) days from entry of the Court's determination of all dispositive motions, if any, or thirty (30) days from the deadline to file dispositive motions, if no dispositive motions are filed.

**VI.**    **STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a magistrate judge.

- 5 -

**VII.   LOCAL RULE 16.1 CERTIFICATION**

The parties file herewith their respective certifications pursuant to Loc. R. 16.1.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| NUMERIC INVESTORS LLC | RYAN H. SOWERS |
| By its attorneys, | By his attorneys, |
| /s/ Gabriel M. Helmer | /s/ Justine H. Brousseau |
| Michele A. Whitham  (BBO No. 553705)<br>Gabriel M. Helmer (BBO No. 652640)<br>FOLEY HOAG LLP<br>155 Seaport Blvd.<br>Boston, MA  02210<br>(617) 832-1000 | Justine H. Brousseau (BBO No. 553776)<br>KIMBALL BROUSSEAU & MICHON LLP<br>One Washington Mall, 14th Floor<br>Boston, MA  02108<br>(617) 367-9449 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
| Dated March 9, 2005 | Dated March 9, 2005 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

        Plaintiff,

v.

RYAN H. SOWERS,

        Defendant.

CIVIL ACTION No. 04-12692 RCL

### PLAINTIFF'S CERTIFICATION PURSUANT TO LOCAL RULE 16.1

Plaintiff Numeric Investors LLC hereby submits the following certification, pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts:

The undersigned counsel and the undersigned authorized representative of Numeric Investors LLC, hereby affirm that they have conferred: (a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of this litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

NUMERIC INVESTORS LLC,

_/s/ Gabriel M. Helmer_
Michele A. Whitham (BBO #553705)
Gabriel M. Helmer (BBO #652640)
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000

Dated: March 9, 2005    ATTORNEYS FOR PLAINTIFF

NUMERIC INVESTORS LLC,,

By: _/s/ Raymond J. Joumas_
RAYMOND J. JOUMAS,

Dated: March 9, 2005    AUTHORIZED REPRESENTATIVE OF PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12692 RCL

NUMERIC INVESTORS LLC, )
      Plaintiff, )
       )
v. )
       )
RYAN H. SOWERS, )
      Defendant. )

## RULE 16.1 (D)(3) CERTIFICATION

Pursuant to Local Rule 16.1 (D)(3), counsel for the Defendant Ryan H. Sowers hereby certifies and affirms that they have conferred with Mr. Sowers with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- of the litigation and to consider the resolution of the litigation through the use of alternative methods of dispute resolution such as those outlined in Local Rule 16.4.

This Certification is filed in connection with the parties' Joint Statement pursuant to Local Rule 16.1(D).

Respectfully Submitted,

Justine H. Brousseau  BBO# 553776
Nina Joan Kimball     BBO #547567
Kimball, Brousseau & Michon, LLP
One Washington Mall, 14th Floor
Boston, MA  02108
(617) 367-9449

Acknowledged by:

_____
Ryan H. Sowers, Defendant

3/8/2005
Date

1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the DEFENDANT'S RULE 16.1 (D)(3) CERTIFICATION has been served on Plaintiff's attorneys via ~~first class mail, postage prepaid.~~ Fax transmission.

Date: 3/9/05                            _____
                                              Paralegal