UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

           Plaintiff,

v.

RYAN H. SOWERS,

           Defendant.

CIVIL ACTION No. 04-12692 RCL

**PLAINTIFF NUMERIC INVESTORS LLC'S MOTION FOR
LEAVE TO FILE REPLY MEMORANDUM AND
<u>ASSENTED-TO REQUEST FOR ORAL ARGUMENT</u>**

Plaintiff Numeric Investors LLC ("Numeric") hereby respectfully requests that (1) Numeric be permitted to file a reply brief in support of its February 25, 2005 Motion To Compel The Production Of Documents And Things[1] pursuant to Local Rule 7.1(B)(3), and (2) the Court allow oral argument to assist it in resolving Numeric's Motion to Compel.  The Third Party has indicated its assent to Numeric's request for oral argument.

As grounds for this Motion, Numeric states that the Opposition filed on March 10, 2005, on behalf of the Third Party objecting to the production of documents and things, relying primarily upon a recent order in *Williams v. Massachusetts Mutual Life Ins. Co.*, Civil Action No. 03-11470 MAP (D.Mass. Feb. 2, 2005), radically misstates the applicable legal standard for the production and inspection of documents and things in this case.  The Third Party has represented to the Court that, based upon Magistrate Judge Neiman's order in *Williams*, that "Numeric has the burden to present reliable information that [the Third Party] has testified untruthfully when [the Third Party] testified that [the Third Party] has not received any Numeric

---

[1] Numeric filed its Motion to Compel under seal on February 25, 2005 because the identity of the Third Party to whom the Motion to Compel is directed is confidential pursuant to the Stipulated Limited Protective Order (Court Docket No. 16). For this reason, this Motion shall refer to the party identified in Numeric's Motion to Compel as the "Third Party."

proprietary information or data from the Defendant, Mr. Sowers." Opp. at 4.  This is a gross misreading of Magistrate Judge Neiman's order and, as Numeric will explain in detail in its reply, the appropriate legal standard is whether the requested discovery is likely to lead to admissible evidence based upon the totality of the evidence, not whether Numeric can affirmatively prove that the Third Party has lied.  Numeric has more than satisfied the appropriate legal burden.

The Opposition also cites Mass. Gen. Laws ch. 214, § 1B and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) as alleged barriers to the requested discovery.  For a host of reasons that the Third Party has failed to present to the Court, neither of these statutes present a bar to discovery or are even applicable here.  Moreover, these statutes are not implicated in this case because the method of inspection Numeric has proposed would ensure that no purportedly private information would be provided to the parties in this case, counsel or anyone other than computer experts who would only access the Third Party's files to the extent that automated computer searching identified particular documents as relevant to this case.  Numeric's reply brief will address in detail how such a search may avoid the Third Party's concerns.

In addition to these arguments, the Third Party has taken the position that the requested discovery is not appropriate because the independent computer forensic firm retained as experts are "not a recognizable national company." Opp. at 12.  The Third Party should not be allowed to impugn the credibility of the independent experts based on the Third Party's ignorance regarding "the reputation, insurability, or competence" of forensic computer firms.  Id.  The Third Party's statements in this regard are erroneous as well as misleading, and Numeric's reply memorandum and the requested hearing would provide meaningful facts to address these new

arguments, as well as the Third Party's admitted lack of knowledge regarding computer forensic firms, which will assist the Court in resolving the matter before it.

### REQUEST FOR ORAL ARGUMENT

Numeric hereby respectfully requests that the Court schedule a hearing upon oral argument limited to ten (10) minutes per side to clarify and resolve the issues presented by Numeric's February 25, 2005 Motion to Compel. The Third Party has assented to and joins Numeric in requesting that the Court allow oral argument in this matter.

> Respectfully submitted,
>
> NUMERIC INVESTORS LLC,
>
> By its attorneys,
>
> /s/ Gabriel M. Helmer
> Michele A. Whitham (BBO No. 553705)
> Gabriel M. Helmer (BBO No. 652640)
> FOLEY HOAG LLP
> 155 Seaport Blvd.
> Boston, MA 02210
> (617) 832-1000

Dated: March 15, 2005                                             ATTORNEYS FOR PLAINTIFFS

### CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for NUMERIC INVESTORS attempted to confer with Dennis E. McKenna, Esquire, counsel for the Third Party, in a good faith attempt to resolve the issues raised in this motion and was able to narrow the issues in dispute.

> /s/ Gabriel M. Helmer
> Gabriel M. Helmer

- 4 -

## CERTIFICATE OF SERVICE

     I hereby certify that on the 15th day of March, 2005, I caused a true copy of the above document to be served upon Dennis E. McKenna, Esquire, counsel for the Third Party, and Justine H. Brousseau, Esquire, counsel for the Defendant, by mail.

                                    **/s/ Gabriel M. Helmer**
                                    Gabriel M. Helmer