FILED
IN CLERKS OFFICE
2005 FEB 25 P 4: 51
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

Plaintiff,

v.

RYAN H. SOWERS,

Defendant.

CIVIL ACTION No. 04-12692 RCL

FILED UNDER SEAL
CONFIDENTIAL: RESTRICTED DISCLOSURE

**REDACTED FOR PUBLIC FILING**

**PLAINTIFF NUMERIC INVESTORS LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM [REDACTED]**

Pursuant to Rule 45, Plaintiff Numeric Investors LLC ("Numeric") has moved this Court to [REDACTED].

[1] Citations to "Exhibit" refer to the exhibits to the Declaration of Gabriel M. Helmer in Support of Plaintiff's Motion to Compel Production of Documents and Things From [REDACTED], filed herewith.

## FACTUAL BACKGROUND

I. 

- 3 -





On November 30, 2004, Numeric informed Sowers that Numeric would be terminating his employment with Numeric. Numeric and Sowers then entered into discussions on how best to transition development projects from Sowers to other Numeric employees, and agreed that Sowers would continue working for Numeric between November 30 and December 15, 2004. Verified Complaint (Court Docket No. 1) ¶ 16.







[redacted].

## II. The Concerted Efforts to Conceal The Unauthorized Transfers of Numeric Materials

Numeric filed the Verified Complaint in this action on December 23, 2004, alleging, among other things, that in December 2004, Defendant Ryan H. Sowers ("Sowers") had electronically transferred highly confidential and proprietary Numeric materials outside of the Company in order to disseminate the materials to, *inter alia*, Sowers' personal friend and professional colleague Van Vlack and MaunaKai, a competing investment firm that Sowers has repeatedly claimed had hired him away from Numeric. Verified Complaint (Court Docket No. 1) ¶¶ 20-21.

In filing its Complaint, Numeric petitioned for immediate temporary injunctive relief. The Court in fact issued a Temporary Restraining Order (Court Docket No. 7) on December 23, 2004, ordering Sowers to refrain from accessing or disseminating any Numeric files and from destroying any files on his computer systems or remote Internet accounts.

[redacted]

- 8 -



- 9 -



- 9 -





[redacted].

**III.** [redacted]

On January 27, 2005, following Sowers' admission under oath that he had in fact misappropriated sensitive and valuable property from Numeric (Exhibit 19, Sowers January 12 Dep. at 11-12), this Court allowed expedited discovery to proceed pursuant to the Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential Electronic Documents (Court Docket No. 13).

[redacted]

2 [redacted].



- 13 -



[redacted].

## ARGUMENT

### A. The Requested Discovery Is Reasonably Calculated To Lead To The Discovery of Admissible Evidence And, In Fact, Urgently Necessary To Obtain Such Discovery After The Defendant's Attempts to Destroy Evidence And Before The Remaining Electronic Records Are Altered or Destroyed[3]

[redacted]

---

[3] Federal Rule 26 provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and allows Numeric the right to obtain discovery as to any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

[4] [redacted] one-sentence objection is insufficient, as a procedural matter, because, while counsel has used the traditional talismanic terms such as "irrelevant" and "proprietary," the objection does not identify any particular discovery that is objectionable, does not provide any specific reason to withhold the requested discovery and does not state grounds that can be addressed in detail by this Motion.

[REDACTED]. Numeric is entitled to the requested discovery because Paragraphs 1, 8 and 9 seek documents and things that are relevant and, in fact, particularly necessary to this case.

The discovery at issue calls for the production of [REDACTED]. The requested discovery is relevant because the limited discovery obtained thus far establishes a strong likelihood that Sowers has disclosed confidential Numeric information to [REDACTED].

[REDACTED]





- 17 -

[redacted]

**B. The Requested Discovery Will Not Disclose Irrelevant or Confidential Material and Imposes No Burden on** [redacted]

The fact that Numeric has retained, at its own expense, the Independent Experts in this matter moots all of [redacted] objections regarding the disclosure of irrelevant or confidential material as well as undue burden. [redacted]

[redacted].

As detailed in the Protective Order attached as Exhibit 2 hereto, the disclosure of any information regarding [redacted] computers may be strictly limited to those files and communications relevant to this lawsuit. Pursuant to the Protective Order, once the requested discovery is provided to the Independent Experts, any irrelevant or proprietary materials, while accessible to the Independent Experts, would only be accessed to the extent that such files were identified by computer searches for relevant files or information. [redacted] electronic files would be segregated from any Numeric materials and would be destroyed after all relevant materials had been discovered. In this regard, any irrelevant or proprietary material would be reviewed by a disinterested third-party subject to the Protective Order, the review would consist predominantly of a process of automated computer searching, and never disclosed to Numeric, Sowers or their counsel. Under these circumstances, any confidential or proprietary materials would be excluded from this lawsuit and protected from disclosure to the parties in this case or the public and [redacted] would not be required to bear any burden whatsoever.

## CONCLUSION

For the foregoing reasons, Plaintiff Numeric Investors LLC's Motion to Compel the Production of Documents and Things from [redacted] should be granted, the Court should enter the Protective Order For Independent Inspection of Discovery From Third Parties in the form attached hereto as Exhibit 2, and [redacted] should be ordered to produce documents and things responsive to [redacted] [redacted].

Respectfully submitted,
NUMERIC INVESTORS LLC,

By its attorneys,

Michele A. Whitham (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA 02210
(617) 832-1000

ATTORNEYS FOR PLAINTIFFS

Dated: February 25, 2005

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for NUMERIC INVESTORS attempted to confer with counsel for [redacted] in a good faith attempt to resolve the issues raised in this motion and was unable to do so.

Gabriel M. Helmer

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2005, I caused a true copy of the above document to be served upon counsel for [redacted] and counsel for RYAN H. SOWERS by mail.

Gabriel M. Helmer