UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| NUMERIC INVESTORS LLC, | |
|---|---|
| Plaintiff, | CIVIL ACTION No. 04-12692 RCL |
| v. | |
| RYAN H. SOWERS, | **FILED UNDER SEAL** |
| Defendant. | **CONFIDENTIAL: RESTRICTED DISCLOSURE** |

**PLAINTIFF NUMERIC INVESTORS LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO COMPEL
PRODUCTION OF WITNESSES, DOCUMENTS AND THINGS FROM
██████████████████████████**

Pursuant to Rule 45, Plaintiff Numeric Investors LLC ("Numeric" or the "Company") has

moved this Court for an order compelling ████████████████████ to produce

witnesses as well as documents and things requested in two Subpoenas, ████████

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████. In addition, Numeric has

requested that the Court enter the Protective Order For Independent Inspection of Discovery

From Third Parties ("Protective Order") in the form attached hereto as Exhibit 3,[2] to control the

---

[1] Citations to "Exhibit" refer to the exhibits to the Declaration of Gabriel M. Helmer in Support of Plaintiff's Motion to Compel Production of Witnesses, Documents and Things From ████████████████, filed herewith.

[2] The proposed Protective Order is identical in form to the proposed order attached to Plaintiff's Reply in Support of its Motion to Compel Production of Documents and Things from ████████████, filed on March 17, 2005. In this respect, the Plaintiffs seek the entry of only one such protective order to govern the inspection of the discovery produced by third parties such as ████████████. Moreover, the Proposed Protective Order submitted here is similar to, but revised from the Protective Order proposed in Numeric's February 25, 2005 Motion to Compel the Production of Documents and Things from ████████████. In this respect, Numeric respectfully requests that the Court enter the revised Protective Order attached as Exhibit 3, in substitution for and in lieu of Numeric's February 25th proposal.

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for NUMERIC INVESTORS attempted to confer with counsel for ███████████████████████████ in a good faith attempt to resolve the issues raised in this motion and was unable to do so.

_____
Gabriel M. Helmer

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2005, I caused a true copy of the above document to be served upon counsel for ███████████████████████ and counsel for RYAN H. SOWERS by mail.

_____
Gabriel M. Helmer

- 20 -

scope of the inspection ███████████████████████████████████

███████ to material relevant to this lawsuit. ███████ should be compelled to appear where, as

here, ████████ was properly served with Numeric's Subpoenas on two separate occasions –

using two equally valid methods of service – yet has twice refused to appear, and the requested

discovery is reasonably calculated to lead to the discovery of evidence admissible in this case.

## FACTUAL BACKGROUND

**I.      ████████    Refusal To Comply with Numeric's Duly Served Subpoenas**

Numeric filed the Complaint in this action on December 23, 2004, alleging, among other

things, that in December 2004, its former employee, Ryan H. Sowers ("Sowers"), had

electronically transferred highly confidential, proprietary and sensitive Numeric electronic

property outside of the Company in order to disseminate the materials ████████████

███████████████████████  ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████

        ██████████████████████████████████

████████████████████████████████████████████



Respectfully submitted,

NUMERIC INVESTORS LLC,

By its attorneys,

Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

Dated: April 5, 2005                    ATTORNEYS FOR PLAINTIFFS







II.





**III.** 





---

<sup>6</sup> In addition to the straightforward application of Massachusetts law, service of a subpoena on the Secretary of State has also been held to constitute proper service under Federal Rule 45.  See Ultradent Products, 2002 WL 31119425 at *3 ("Service of a subpoena upon the Secretary of State as the designated agent to a corporation is reasonably measured to insure the actual receipt of the subpoena by the corporation.").

**III.**





**II.**

---

[5] In addition, ███████████████████████████████████████████
(Saenger Org., Inc. v. Nationwide Ins. Licensing Assoc., Inc., 119 F.3d 55, 60 (1st Cir. 1997) (applying multifactor test based on the common law of agency to find that individual was an employee)) and the IRS's 20-factor test (Rev. Rul. 87-41 (articulating 20-factor test to determine employee status under I.R.C. § 530(d))









4

_See_ 4A Wright & Miller, Federal Practice and Procedure § 1103; Rest. (3d) of Agency §§ 2.03, 3.03 (2002) ("Apparent authority . . . is created by a person's manifestation that another has authority to act with legal consequences for the person who makes the manifestation.").



## ARGUMENT

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████.

I.     ██████████████████████████████████████

███████████████████████████████████████████████

██████████████████. Rule 45 permits service of a subpoena by "delivering a copy thereof to such person." Fed. R. Civ. P. 45(b)(1). Service on a corporation, as opposed to an individual, may be made by delivering a copy of the subpoena to "a managing or general agent or any other agent authorized by appointment or law" <u>See</u> Fed. R. Civ. P. 4(h)(1); <u>Ultradent Products, Inc. v. Hayman</u>, Civ. A. No. M8-85 RPP, 2002 WL 31119425 at *3-4 (S.D.N.Y. Sept. 24, 2002) (holding that service of a subpoena may be effectuated using the procedures for service of process set forth under Fed. R. Civ. P. 4).

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---
[3] ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████.