

Gabriel M. Helmer
Boston Office
617.832.3010
ghelmer@foleyhoag.com

April 12, 2005

The Honorable Marianne B. Bowler
United States Chief Magistrate Judge, District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:    *Numeric Investors LLC v. Sowers*, Civil Action No. 04-CV-12692 RCL

Dear Chief Magistrate Judge Bowler,

      Filed herewith is a proposed Protective Order submitted pursuant to the Court's April 7, 2005 Order. On April 7th, the Court allowed Plaintiff Numeric Investors LLC's Motion to Compel Discovery (Court Docket No. 21) with the further instruction that Numeric and the Third Party submit for the Court's approval a Protective Order with certain revisions to safeguard any Third Party privileged materials.

      The required revisions have been made and counsel for the Third Party has indicated his client's assent to the terms of the enclosed Protective Order. In consequence, Numeric respectfully requests that the Court enter the revised Protective Order in its current form.

                                                         Very truly yours,

                                                        **/s/ Gabriel M. Helmer**

                                                        Gabriel M. Helmer

Enclosure
cc:    Michele A. Whitham, Esquire
        Dennis E. McKenna, Esquire
        Justine H. Brousseau, Esquire

FHBOSTON/3020385.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>                Plaintiff,<br><br>v.<br><br>RYAN H. SOWERS,<br><br>                Defendant. | CIVIL ACTION No. 04-12692 RCL |

**[Proposed] PROTECTIVE ORDER FOR INDEPENDENT INSPECTION OF DISCOVERY FROM THIRD PARTIES**

Upon Motion by Plaintiff Numeric Investors LLC ("Numeric") and pursuant to Federal Rules 26(c) and 45(c), sufficient grounds existing to protect personal, confidential and proprietary information, software, communications, files and/or data belonging to third parties ("Third Parties") from unnecessary disclosure during discovery in this matter,

IT IS HEREBY ORDERED THAT:

1. Any information, documents, computers or other materials produced by Third Parties, formally or informally, voluntarily or in response to a discovery request, subpoena, or deposition in this action and any documents or things exchanged in correspondence or filed with the Court may be designated as THIRD PARTY CONFIDENTIAL by the Third Party, if the Third Party determines in good faith that the document or thing contains personal, confidential, or proprietary information, software, data or material that is not relevant to the claims alleged in this lawsuit.

2. Information, documents and things designated as THIRD PARTY CONFIDENTIAL ("Designated Materials") shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

a. The Third Party shall be entitled to produce Designated Materials to the independent forensic computer experts retained in this matter, Vance International, Inc. c/o Robert N. Sikellis, Managing Director, 145 Wood Road, Braintree, Massachusetts 02184 (the "Independent Experts").

b. The Independent Experts shall maintain Designated Materials in a safe and secure location and shall ensure that Designated Materials shall be segregated from and not commingled with any other documents or files, including, but not limited to, other discovery materials produced in this matter.

c. The Independent Experts shall not disclose Designated Material to any individual or entity for any reason, except (i) when compelled by court order, (ii) by consent of the Third Party, or (iii) as detailed below.

d. If the Designated Material consists of or encompasses computer equipment or other electronic media, the Independent Experts shall, with the assistance and cooperation of the Third Party or the Third Party's technical personnel, promptly obtain a mirror image of any hard drive or storage medium produced.

e. Numeric shall formulate a search procedure for identifying documents responsive to its discovery requests in this matter and shall notify counsel for the Third Party and counsel for the Defendant Ryan H. Sowers ("Sowers") of the procedure chosen, including any specific word searches. Numeric may elect to confer with the Independent Expert for assistance with this process. The Third Party and counsel for Sowers shall treat Plaintiff's search criteria as attorney's-eyes-only and the criteria shall otherwise be treated as THIRD PARTY CONFIDENTIAL

under this Protective Order.  The Third Party shall have five (5) business days to comment on the Plaintiff's search method.

f.  Also, during this five-day comment period, the Third Party shall formulate a list of whatever additional exclusion criteria will enable the Independent Experts to identify documents that contain the Third Party's attorney-client privileged material or documents protected by the work product doctrine.  By way of example only, the Third Party may designate as exclusion criteria particular computer file types, terms such as the names of the Third Party's attorney(s) and likely authors and recipients of the Third-Party's attorney-client communications.  The Third Party may elect to confer with the Independent Expert for assistance with this process, at Numeric's expense.  Once the Third Party submits its criteria to the Independent Expert and counsel for the Parties, they shall treat the Third Party's criteria for privileged documents as attorney's-eyes-only and the criteria shall otherwise be treated as THIRD PARTY CONFIDENTIAL under this Protective Order.  Numeric shall have five (5) business days to comment on the Third Party's search method.

g.  Once a search method and exclusion criteria for privileged documents have been established, searches governed by those parameters shall be implemented by the Independent Experts.  The Independent Experts shall identify all documents that meet the Plaintiff's search criteria ("Search Results") and exclude from the result of that search without manually reviewing the contents, all documents and files that, based upon the criteria selected by the Third Party, appear to contain privileged material ("Excluded Material").

h. After this process has been completed by the Independent Experts, the Third Party may review the Search Results, including all Excluded Material and Numeric's counsel may review only those Search Results that do not contain Excluded Material. The Independent Experts, at the Plaintiff's request, may also provide to Numeric's counsel a list of the files and forensically recovered data determined to be Excluded Materials. Numeric may choose the format for this review and may elect to review the documents in electronic form or in hard-copy.

i. Within five (5) business days from receipt of the Search Results and Excluded Materials, the Third Party shall produce a privilege log to the Parties based upon the Third Party's review. This log shall identify in detail any document or portion of any document that contains privileged or protected material and shall explain the nature of the document and grounds for the privilege or protection asserted. As to those Excluded Materials, the Third Party shall also work in good faith with the Independent Experts to identify any privileged materials embedded within files containing potentially relevant discovery (*i.e.*, a single privileged communication found within a file containing numerous potentially relevant communications) so that any privileged material may be removed or redacted by the Independent Experts and made available to Numeric's counsel.

j. In addition, any document that was inadvertently not removed from the Independent Experts' Search Results as Excluded Material, but which the Third Party in good faith believes to be protected by the attorney-client privilege or the work product doctrine, shall be retained by the Parties on an attorneys'-eyes-only basis until any dispute about the designation is resolved. These materials thus

      asserted in good faith to be the Third Party's privileged material, shall be identified on the Third Party's privilege log and otherwise treated as Excluded Material.

  k.  The fact that a Third Party privileged document has been reviewed by counsel or by the Independent Experts shall not constitute a waiver of any claim of privilege, confidentiality or any other legal right. Any inadvertent disclosure of an attorney-client privileged or work-product document as a result of the computer-based searches performed by the Independent Experts under this Protective Order shall not constitute a waiver of the Third Party's privileges or protections with respect to the inadvertently disclosed document.

  l.  Once Plaintiff's counsel have identified those documents from the Search Results (including any Excluded Material made available in redacted form that Plaintiff consider relevant to this litigation), Plaintiff's counsel shall provide those documents promptly to counsel for the Third Party and counsel for Sowers. The Plaintiff shall bear all costs associated with the production described thus far. However, the Third Party and/or Sowers shall pay for any procedures beyond those adopted by the Plaintiffs, such as the creation of additional copies of electronic files, or conversion of files to other electronic formats.

3.  Notwithstanding the foregoing limitations, Designated Materials may be disclosed to:

  a.  The Third Party and counsel for the Third Party who designated the material;

  b.  Any person who prepared a document that has been designated as THIRD PARTY CONFIDENTIAL or who is listed on the face of such a document as a

recipient of the document, or who has been shown likely to have received a copy of the document in the ordinary course of business, but the disclosure shall be limited to the specific designated material disclosed in the particular document prepared or received by such person; and

    c. Court officials (including court reporters and any special master or technical advisor appointed by the Court) and the Court's staff in connection with the Court's administration and adjudication of this action.

4. The Independent Experts, the Parties and any Third Party producing information, documents or things in this matter shall be bound by the terms of this Protective Order as well as any confidentiality order entered in this case.

5. Any Third Party or the Parties may bring a motion to impound any court filings containing materials designated as THIRD PARTY CONFIDENTIAL under this Protective Order provided that any such motion shall: (i) set forth a description, in general terms, of the confidential materials and a short statement setting forth the reason justifying impoundment; and (ii) is accompanied by a redacted version of the document or item containing confidential materials, to be placed in the court's public files, and an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

6. In applications and motions to the Court, all submissions of material designated as THIRD PARTY CONFIDENTIAL under this Protective Order shall be filed with the Court in sealed enclosures on which shall be affixed a cover sheet. The cover sheet shall include the case caption of this action, including the case number, the title "Third Party Confidential," and a statement substantially in the following form:

**THIS ENVELOPE CONTAINS THIRD PARTY CONFIDENTIAL MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION ON [Insert Date of Order].  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

7. In addition, the attorney of record for the party filing a document containing designated information or materials shall sign the cover sheet.  The submission shall indicate clearly which portions are designated to be THIRD PARTY CONFIDENTIAL.  The materials so filed shall be impounded until thirty (30) calendar days after the final termination of this litigation, including any applicable appeal period.  After the expiration of this thirty (30) calendar day period, all Designated Materials received by the Independent Experts and all copies thereof shall be destroyed.  If originals or copies of Designated Materials are destroyed, the destroying party shall certify in writing that said documents have been destroyed within the thirty (30) calendar day time period.  Counsel shall be entitled to retain all litigation documents including exhibits and their own memoranda referencing or containing Designated Material, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not, without the written permission of the Third Party or an order of the Court, be disclosed to anyone other than such outside counsel.

8. All notices required by this Protective Order are to be served via hand delivery and/or facsimile, to counsel.  The date by which a person subject to the terms and conditions of this Protective Order receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the facsimile or hand delivery was received.

9. In the event any person violates the terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person.  The Third Party and the Parties and any non-party subject to the terms of this Protective Order agree that

- 8 -

this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this action.


DATED: _____          _____
                                          United States Magistrate Judge