UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RYAN H. SOWERS,<br><br>    Defendant. | CIVIL ACTION No. 04-12692 RCL |

**[Proposed] <u>PROTECTIVE ORDER GOVERNING NUMERIC SEARCH CRITERIA</u>**

Upon Motion by Plaintiff Numeric Investors LLC ("Numeric") and non-party Matthew J. Van Vlack ("Van Vlack"), with the assent of Defendant Ryan H. Sowers, sufficient grounds existing to protect from further disclosure or use confidential and proprietary computer forensic search criteria promulgated by Numeric to enable the forensic inspection of computers in the possession of Van Vlack (the "Numeric search criteria"), as set forth in a letter dated May 5, 2005 from counsel for Numeric to counsel for Van Vlack, which Numeric search criteria were disclosed by counsel for Van Vlack in the course of discovery in this litigation to non-parties MaunaKai Capital Partners Ltd., Lewis Chan (in his capacity as agent for MaunaKai), Simon Nip (in his capacity as agent for MaunaKai) and Van Vlack (collectively, the "MaunaKai Parties"),

IT IS HEREBY ORDERED THAT :

1. Van Vlack shall immediately identify any and all computer systems, electronic devices capable of storing data or electronic media (including, by way of example only, PDAs and Blackberries) which have stored, either permanently or temporarily, the Numeric search criteria or of any portion, excerpt or description thereof, as well as any copies or reproductions

(including back-up copies) of, any notes made based on or related to, any derivative works based upon, any excerpts of, and/or any information derived from the Numeric search criteria.

    2.    Van Vlack shall immediately identify for deletion from any and all computer systems, electronic storage devices or electronic media in their possession, custody or control the Numeric search criteria or other materials described in Paragraph 1 and shall create for delivery to counsel for Numeric a CD (or, if the volume or location of the files requires, multiple CDs) containing copies of all such material.

    3.    Immediately upon creating the CD(s), Van Vlack shall surgically remove, delete and destroy the Numeric search criteria or other materials described in Paragraph 1 from any and all computer systems, electronic storage devices or electronic media in their possession, custody or control in such a manner that the Numeric search criteria or other materials described in Paragraph 1 are no longer accessible to Van Vlack, the MaunaKai Parties or any other computer system, individual or entity. In making these deletions Van Vlack shall:

    a  *__Not__* delete the substance of any emails, communications or transmissions attaching, or email text relating to, but not containing the Numeric search criteria or other materials described in Paragraph 1, but shall surgically delete only the Numeric search criteria themselves and other materials described in Paragraph 1;

    b  *__Not__* delete any system files that indicate or record details of the transmission, storage or deletion of any emails, communications or transmissions of the Numeric search criteria or other materials described in Paragraph 1; and/or

    c.  *__Not__* delete any information or documents identified as potential evidence to be preserved in connection with the above-captioned litigation in letters served on Van Vlack and MaunaKai on January 31, 2005 and February 24, 2005 in

connection with subpoenas issued by Numeric on those dates (the "MaunaKai Subpoenas").

    d. To the extent that Van Vlack wishes to retain any document or communication related to the Numeric search criteria or materials described in Paragraph 1 on the basis that it is protected by the attorney-client privilege or work product protection, such a document must be recorded on a privilege log which shall be produced to Numeric within five (5) business days of the entry of this order; provided, however, that to the extent that any such document or communication attaches or incorporates in whole or in part or in sum and substance, the Numeric search criteria or other materials described in Paragraph 1, such materials shall not be treated as privileged or retained by Van Vlack. Upon Numeric's timely objection to specific entries in a privilege log produced pursuant to this Paragraph, the Court may examine the documents identified on Van Vlack's privilege log *in camera* to determine whether they contain any Numeric proprietary or confidential material and should therefore by removed, deleted or destroyed pursuant to Paragraph 3.

    4.    Van Vlack shall notify and return to Numeric and delete pursuant to Paragraphs 1, 2 and 3 above any additional copies of the Numeric search criteria or other materials described in Paragraph 1 that Van Vlack discovers at any time after Van Vlack's initial compliance with those Paragraphs.

    5.    Van Vlack shall identify to Numeric any Internet Service Provider ("ISP") through which any emails, communications or transmissions containing the Numeric search criteria or other materials described in Paragraph 1 have been stored or transmitted and shall

authorize the Independent Experts retained in this matter (in a writing in the form attached hereto as Exhibit 1 or in any form provided by or acceptable to the ISP) to work with such ISP to identify, remove, delete or destroy the Numeric search criteria or other materials described in Paragraph 1 from any such ISP's computer systems, electronic storage devices or electronic media, according to the following limitations:

    a  The Independent Experts shall consult with the ISP and access Internet accounts administered by the ISP only to the extent reasonably necessary to identify, remove, delete or destroy the Numeric search criteria or other materials described in Paragraph 1 and shall notify Numeric and Van Vlack when they have completed their review and inspection. The Independent Experts shall not gain access to any such ISP or Internet accounts after the date of their notification without express written approval from Van Vlack.

    b  In the course of their review and inspection, the Independent Experts shall limit their inspection to what is necessary to identify, remove, delete or destroy the Numeric search criteria or other materials described in Paragraph 1.

    c  The Independent Experts shall not disclose to anyone the contents of any documents or files reviewed or inspected, except insofar as is necessary to identify, remove, delete or destroy the Numeric search criteria or other materials described in Paragraph 1.

    d  The Independent Experts shall not disclose, reproduce or retain a copy of any document or file belonging to Van Vlack, except insofar as is necessary to identify, remove, delete or destroy the Numeric search criteria or other materials described in Paragraph 1.

6.      Van Vlack shall identify to Numeric any and all Internet accounts (including email and file or data transfer accounts of any kind) used to obtain access to the Numeric search criteria or other materials described in Paragraph 1 and any and all computer systems, electronic storage devices or media that have been used in connection with that Internet account on or after May 5, 2005, including without limitation any computer systems or devices that acted as an email or file server as well as any backup systems or media.

7.      Van Vlack shall identify to Numeric every person or entity (in addition to ISPs) which have at any time had access to the Numeric search criteria or other materials described in Paragraph 1, by providing to Numeric the name, residential and business addresses and email address, and telephone and fax numbers for each such person or entity.

8.      Van Vlack shall not take any steps that could result in the further reproduction, transfer, transmission or dissemination of the Numeric search criteria or other materials described in Paragraph 1, including but not limited to by forwarding, sending or transmitting the Numeric search criteria or other materials described in Paragraph 1, except as provided in Paragraphs 1, 2, 3 and 4 above.

9.      Van Vlack shall not make any copies or reproductions of the Numeric search criteria or other materials described in Paragraph 1; provided, however, that, to the extent that Van Vlack has already created any such copies or does so in violation of this Order (whether in electronic form, hard copy or any other form), Van Vlack shall immediately identify to Numeric every physical location, computer system, electronic storage device or media where any such copies are or ever were stored or transmitted, promptly deliver all such copies to counsel for Numeric, and delete such copies pursuant to procedure set forth in Paragraphs 1, 2 and 3 above.

10. Van Vlack shall never disclose any of the Numeric search criteria or other materials described in Paragraph 1, including but not limited to such information relating to the proprietary architecture of Numeric's quantitative analytic models, the substance of Numeric's proprietary databases and Numeric's proprietary customer and prospective customer lists, for any reason whatsoever except as provided in Paragraphs 1, 2, 3 and 4 above.

11. Van Vlack shall never use in any context or capacity any of the confidential and proprietary information set forth in the Numeric search criteria or other materials described in Paragraph 1, including but not limited to any such information relating to the proprietary architecture of Numeric's quanitative analytic models, the substance of Numeric's proprietary databases, and Numeric's proprietary customer and prospective customer lists, except as provided in Paragraphs 1, 2, 3 and 4 above. Van Vlack shall be permitted to use particular terms or entries found in the Numeric search criteria only to the extent that that terms were industry-standard terms or otherwise within the public domain as of May 5, 2005 or come into the public domain thereafter through no action taken by Van Vlack or the MaunaKai Parties.

12. Subject to the conditions set forth below, Van Vlack shall not himself or through an agent, intermediary or third-party initiate contact or solicit business from any Numeric client or prospective client identified in the Numeric search criteria for a period of two (2) years from the entry of this Order, except to the extent that Van Vlack may demonstrate a business relationship with that individual or entity existing prior to and unrelated to the May 6, 2005 disclosure by counsel to the MaunaKai Parties:

    a. To the extent that Numeric or Van Vlack become aware, at any time or for any reason, that Van Vlack has contacted or solicited a Numeric client or prospective

client as detailed above, that party shall immediately notify the other that such contact has occurred.

    b. Upon notification, Numeric may request that Van Vlack immediately terminate his contact and solicitation of such current or prospective client. Upon receipt of such a request, Van Vlack shall not engage in further contact or business with such current or prospective client for the balance of the two-year term detailed above. Upon Numeric's request, Van Vlack shall indicate in writing to such current or prospective client that they are not permitted to engage in further contact with such current or prospective client by court order.

13. The Numeric search criteria and all other materials described in Paragraph 1 shall at all times be treated as "attorneys eyes only" and, therefore, shall be accessed or maintained only by counsel, shall be disclosed only on an "attorneys eyes only" basis to counsel for the parties to this action or to counsel for any third parties involved in this action, including the MaunaKai Parties, shall be expressly designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" and shall only be filed with the Court, to the extent necessary, under seal pursuant to the Local Rules of this District and any applicable orders entered by the Court.

14. Should Van Vlack determine in good faith that he requires technical assistance with respect to computer technology to perform any activity detailed in this Agreement, he may contact the Independent Experts retained in this matter.

Dated: May 13, 2005

                                                                           Marianne B. Bowler, USMJ
                                                                           United States Magistrate Judge