UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS, LLC,
          Plaintiff,

v.

RYAN H. SOWERS,
          Defendant.

CIVIL ACTION NO. 04-12692-RCL

## THIRD PARTIES ASSENTED-TO MOTION TO IMPOUND EMERGENCY MOTION FOR IMMEDIATE RELIEF

Pursuant to Local Rule 7.2, this Court's Stipulated Limited Protective Order (Court Docket No. 16) and Notice of Scheduling Conference and Additional Matters (Court Docket No. 12), Third Parties[1] respectfully move this Court to impound the Affidavit of one of the Third Parties and an Affidavit of Counsel filed in response to Numeric's Emergency Motion for Immediate Relief From Consequences of Third Party's Dissemination of "Attorneys Eyes Only" Material In Contempt of Court's April 14, 2005 Protective Order. Counsel for the Plaintiff has assented to the filing of this motion.

As further grounds therefore, Third Parties state as follows:

1. On January 27, 2005, this Court allowed expedited discovery to proceed pursuant to the Parties' Emergency Joint Motion for Immediate Discovery Concerning the Transfer of Confidential Electronic Documents (Court Docket No. 13).

2. On February 3, 2005, this Court entered the Stipulated Limited Protective Order (Court Docket No. 16) which allows the Parties to designate as Confidential that material which

---

[1] Reference will be made to "Third Parties" rather than identifying the third parties who are identified in Numeric's Motion because the identity of those individuals and entities are potentially currently confidential under the terms of the Court's Stipulated Limited Protective Order (Court Docket No. 16).

identifies individuals or information concerning the whereabouts of confidential Numeric files transferred outside of the Company by the Defendant in this case.

3. Numeric has designated the expedited discovery produced thus far in the case as Confidential pursuant to the Stipulated Limited Protective Order (Court Docket No. 16) because it identifies third parties, computer systems, and Internet accounts that may possess or contain highly sensitive Numeric information, files and data.

4. Numeric has maintained that public disclosure of the identity of the third parties at issue, their computer systems and Internet accounts, as well as the details of the transfers of Numeric property and the Parties' investigation, through public access to Numeric's Motion and the accompanying materials, presents a real opportunity for other parties to tamper with or obtain highly sensitive and valuable Numeric property, as detailed in the Parties' Emergency Joint Motion for Impoundment and Limited Protective Order (Court Docket No. 14). Third Parties have no objection to addressing Numeric's position.

5. Under these circumstances, there is good cause to impound Third Parties' Affidavits filed in response to Numeric's Motion for Entry of Protective Order.

THIRD PARTIES

By their Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: May 25, 2005

_____
Dennis E. McKenna, BBO # 556428
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

3

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for Matthew J. Van Vlack conferred with Gabriel M. Helmer, Esquire, counsel to the Plaintiff, in a good faith attempt to resolve the issues raised in this Motion, and counsel indicated their assent.

_____
Dennis E. McKenna

## CERTIFICATE OF SERVICE

I, Dennis E. McKenna, hereby certify that on this 25 day of May, 2005, I caused a true and accurate copy of the foregoing document to be served by hand upon: Gabriel M. Helmer, Esquire, Foley Hoag LLP, 155 Seaport Boulevard, Boston, Massachusetts 02210; and Justine H. Brousseau, Esquire, Kimbell, Brousseau & Michon, LLP, One Washington Mall, Boston, Massachusetts 02108.

_____
Dennis E. McKenna

893669.1