UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12692 RCL

NUMERIC INVESTORS LLC,          )
          Plaintiff,          )
                            )
v.          )
                            )
RYAN H. SOWERS,          )
          Defendant.          )

### DEFENDANT RYAN H. SOWERS' OBJECTION TO PLAINTIFF'S NOTICE OF INABILITY TO CONSUMMATE SETTLEMENT AND PLAINTIFF'S REQUEST TO REOPEN PROCEEDINGS AND FOR ISSUANCE OF SCHEDULING ORDER

Defendant Ryan H. Sowers ("Sowers") submits this Objection to Plaintiff's Notice of

Parties' Inability to Consummate Settlement and Plaintiff's Request to Reopen Proceedings and

For Issuance of Scheduling Order ("Plaintiff's Notice and Request") for the following three

reasons: (1) Plaintiff has overstated its factual allegations and mischaracterized the settlement

negotiations; (2) Plaintiff has refused to seek, consider or participate with Sowers in available

alternative courses of action, short of reopening the case and proceeding with the litigation; and

(3) Plaintiff's request for a scheduling order in accordance with the Parties' March 2005 Local

Rule 16.1 Joint Statement is unreasonable at this time.

(1)     **Plaintiff has overstated its factual allegations and mischaracterized the**

**settlement negotiations which have transpired between the parties in an attempt to satisfy**

**its burden of showing that good cause exists for reopening the action, as required by the**

**December 14, 2005 Settlement Order of Dismissal (the "Settlement Order").** It is not an

accurate statement that "Sowers has never fully disclosed to Numeric the extent of what he took

from Numeric or what he did with the purloined property." Plaintiff's Notice and Request @

p.2. As Plaintiff well knows, Sowers gave deposition testimony on January 12, 2005 and

October 12, 2005 in which he recounted for Numeric, to the best of his memory, what Numeric

property he copied, transferred and retained after the termination of his employment, and that he

destroyed that property, by deleting it on December 27, 2004. Sowers explained to Numeric that

his selection of the Numeric property was not targeted and therefore he cannot provide them with

a detailed listing of the exact content of the Numeric property taken. He also has explained that

he has not had the Numeric property in his possession, custody or control since December 27,

2004 when he deleted it, which further prevents him from being more specific. Sowers

repeatedly asserted that he did not retain copies of the Numeric property and that he did not

transfer or provide the Numeric property to a third party. Numeric is unable, or simply

unwilling, to accept these facts and realities, and continues to demand details and return of

Numeric property that Sowers does not have. Plaintiff's own extensive forensic evaluations and

third party depositions have produced no evidence to contradict Sowers' representations.

Contrary to Plaintiff's assertion, Sowers has not "openly admitted to intentionally

misappropriating Numeric proprietary information in violation of his three pre-existing

confidentiality agreements with Numeric." Plaintiff's Notice and Request @ p.2. In fact, at this

stage, and given the Parties extensive discussions on this very issue, Sowers was shocked to read

such an assertion in Plaintiff's Notice and Request. It can only be assumed that Plaintiff is

trying to bolster its position on its claimed need for injunctive relief by claiming that Sowers has

violated three pre-existing confidentiality agreements with Numeric. However, as Plaintiff well

knows, at the time of his termination (December 15, 2004) Sowers had only one existing

confidentiality agreement with Numeric, which was the December 6, 2004 Letter Agreement (the

"December 2004 Agreement"), which incorporated only Sections 7 through 12 of a June 16,

- 2 -

2004 Employment and Confidentiality Agreement. Ironically, in the December 2004 Agreement, drafted by Numeric, there is no provision for injunctive relief. Further, paragraph 13 of the December 2004 Agreement clearly states that "[t]his letter agreement and the exhibits thereto recite the full terms of the understanding between us with regard to its subject matter, and supercedes any prior oral or written understanding. It may be modified only in a writing signed by both parties." December 2004 Agreement, paragraph 13 attached to the Complaint as Exhibit C. Therefore, Numeric's attempt to rely on allegations that Sowers has violated three pre-existing confidentiality agreements with it, as the basis for needing injunctive relief, is without merit.

Finally, Plaintiff has mischaracterized the settlement negotiations which have transpired between the parties in an attempt to satisfy its burden of showing that good cause exists for reopening the action. Defendant readily admits that Plaintiff was requesting the entry of a Permanent Injunction as a term of settlement at the December 13, 2005 settlement conference. However, Sowers consistently stated prior to and during the December 13, 2005 settlement conference that he would not agree to the entry of a Permanent Injunction. His reasons were twofold, one, he was seeking closure to the lawsuit by agreeing to abide by the terms of a Settlement Agreement, and two, he had a legitimate concern, given the manner in which Plaintiff had already been pursuing the litigation with little result, that Plaintiff would attempt to use an entry of a Permanent Injunction to perpetuate and later reopen the lawsuit.

What Sowers did agree to, in a good faith effort to settle this case, was to provide Numeric in the Settlement Agreement with a confirmation and affirmation of his obligations to Numeric with respect to its confidential and proprietary information, which would incorporate some of the language and terms expressed in the Stipulated Order and Preliminary Injunction.

The only issue to be negotiated was the exact language that would reflect these affirmations in the Settlement Agreement. Notwithstanding Plaintiff's assertions to the contrary, Sowers has not only been entertaining such a provision, but has been proposing terms and language consistent with the agreement reached on December 13, all of which Plaintiff has rejected. Instead, Plaintiff has continued to demand Sowers agree to the entry of a Permanent Injunction or it will forge ahead with the litigation.

Also, there was no discussion between the Parties of the entry of a permanent injunction in conjunction with the entry of judgment on Count V of the Complaint.[1]

The Parties participated in Judicial Settlement Conferences before Magistrate Judge Marianne Bowler on September 13 and December 13, 2005. During those two sessions the Parties agreed upon terms to resolve this litigation. Instead of reducing those terms to a settlement document, Plaintiff is now trying to re-negotiate the terms, which should not be permitted. Plaintiff's overstatements and mischaracterizations should not be accepted as good cause shown for reopening this litigation.

(2)     **Sowers understands that because of the Settlement Order, Numeric had to file some notice with the Court that the Settlement had not been consummated and show good cause for the case to be reopened. However, Sowers objects to the timing and content of Numeric's filing of Plaintiff's Notice and Request with the Court.** In addition to the reasons set forth in section (1) above, Numeric has: (a) chosen to ignore viable options in lieu of reopening and pursuing the litigation; and (b) misrepresented the status of the negotiations.

---

[1] In fact, the only discussion regarding entry of judgment concerned what count would be agreed to. Plaintiff had continually requested entry of judgment on Count I of the Complaint, and dismissal without prejudice on Counts II – V. Defendant wanted dismissal with prejudice on all five Counts. Plaintiff then wanted entry of judgment on Count I of the Complaint, and dismissal with prejudice on Counts II – V. It was then agreed that Defendant would consent to entry of judgment on Count V of the Complaint, and Plaintiff would agree to the dismissal with prejudice of Counts I – IV. The issue of the permanent injunction never entered this discussion.

- 4 -

(a)     Plaintiff claims that "Numeric's only recourse is to request that the Court reopen this case in order to preserve Numeric's legal remedies." Plaintiff's Notice and Request @ p.2. Sowers disagrees with this statement by Numeric because Numeric has consistently refused to seek, consider or participate with Sowers in available alternative courses of action, short of reopening and pursuing the litigation.

Once it was apparent to Sowers that the parties had a dispute on the issue of the permanent injunction, he, through his counsel, suggested that the Parties seek assistance from the Court (Bowler, J.) to clarify the dispute.[2]  Numeric, through its counsel, rejected this suggestion. As late as Friday, February 10, in a morning conference call, Sowers, through his counsel, again suggested to Plaintiff's counsel that it would be appropriate to take the permanent injunction dispute back before Magistrate Judge Bowler. Plaintiff's counsel again declined the suggestion. Sowers' counsel then expressed to Plaintiff's counsel that since both counsel seemed committed to their respective position and memory of the settlement conference as to the agreement reached on how the permanent injunction would be handled, she did not understand Plaintiff's refusal to seek assistance from the Court. Plaintiff's counsel's response is telling. She refused to ask Magistrate Judge Bowler to clarify the Parties dispute, and instead indicated that even if Sowers was correct, Plaintiff was not consummating a settlement without Sowers agreeing to the entry of a Permanent Injunction, and would instead seek to reopen and pursue the litigation.

On Friday, February 10, at approximately 5:20 p.m., in discussions with Plaintiff's counsel regarding the Monday deadline and the need for Plaintiff to file something with the Court, and believing that the Parties were still involved in good faith negotiations, Sowers'

_____

[2] Upon the conclusion of the settlement conference on December 13, 2005, Magistrate Judge Marianne Bowler advised the Parties that she would make herself available to assist the Parties in consummating the Settlement Agreement should the need arise for clarification on terms and the Parties' respective undertakings.

counsel told Plaintiff's counsel that he was willing to assent to a motion to request that the Court extend the sixty (60) day period for a period of days in order to give the Parties additional time to consummate the settlement. Plaintiff's counsel declined this offer, saying that it did not need additional time because if Sowers was not going to agree to the entry of a Permanent Injunction there would be no settlement and it would be pursuing the litigation. Nevertheless, Plaintiff continued negotiating the terms and language of the Settlement Agreement, well past 6:00 p.m.

(b)  It is Sowers' position that Plaintiff misrepresented to the Court the status of the settlement negotiations between the Parties in order to show good cause, when at 5:44 p.m. on Friday, February 10, 2006, Plaintiff caused to be filed with the Court Plaintiff's Notice and Request. It was not until after Sowers' counsel got off the conference call with Plaintiff's counsel that a copy of Plaintiff's Notice and Request was retrieved from the facsimile machine, at approximately 7:15 p.m., and Sowers' counsel saw for the first time Plaintiff's representations to the Court. Therefore, at the very same time as Plaintiff was notifying the Court that there was a "failure of the meeting of the minds between the Parties," that "Numeric's only recourse is to request that the Court reopen this case," and making the statements regarding Sowers' alleged behavior, Plaintiff's Notice and Request @ pp.2-3, Plaintiff's counsel continued to engage with Sowers' counsel in negotiating the terms and language of the Settlement Agreement, and was scheduling another conference call for further discussions of the terms and language of the Settlement Agreement for Monday, February 13 at 11:00 a.m. Sowers was surprised to see that no where in Plaintiff's Notice and Request was the Court notified of the Parties agreement to continue negotiating the terms and language of the Settlement Agreement.

- 6 -

Plaintiff should not be allowed to walk away from the agreement that was reached by the Parties, simple because it no longer likes the terms it agreed to or because it has failed to threaten and cajole Sowers into agreeing to new terms.

(3)   **Should the Court determine that Plaintiff has shown good cause to reopen this case, Sowers respectfully requests that Plaintiff's request for a scheduling order in accordance with the Parties' March 2005 Local Rule 16.1 Joint Statement be denied.**  Given the extensive,[3] yet fruitless, discovery Numeric has already been allowed to conduct and the current state of the evidence, the previously submitted Joint Statement, containing the proposed pre-trial and discovery schedule, is unreasonable at this time.  If the litigation is to proceed, Sowers respectfully requests that a new scheduling order and joint statement be required from the Parties.

Defendant also respectfully requests that Plaintiff's Notice and Request and Sowers' Objection be referred to Magistrate Judge Bowler as she presided over the Judicial Settlement Conferences, and is therefore familiar with the particulars of the settlement that were agreed to in principle on December 13, 2005, and is very familiar with the Parties.

Defendant respectfully requests a hearing on Plaintiff's Notice and Request and Sowers' Objection.

---

[3] Numeric alone has conducted eight depositions over ten days, subpoenaed seven online service providers (OSP) of Sowers, physically searched Sowers' apartment, 2 storage units and house, taking possession of Sowers' computers, media (including over 1200 music CDs, computer games and DVDs), and personal property, as well as property of Sowers' former girlfriend and current girlfriend, collected voluminous documentation, as well as conducted forensic searches of third party computers for the period December 2004 through December 2005.  To date, Plaintiff has no evidence that Sowers used for his own benefit or disclosed to any third party any of the information he inappropriately retained after his employment ended.  There is also no evidence that Sowers continues to possess Numeric's property.

Respectfully Submitted,
By His Attorneys

Justine H. Brousseau, BBO #553776
Nina Joan Kimball, BBO #547567
Kimball Brousseau LLP
One Washington Mall, 14th Floor
Boston, MA 02108
(617) 367-9449

DATED:  2/14/06

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2006 I served a copy of the above Objection to Plaintiff's Notice of Parties' Inability to Consummate Settlement and Plaintiff's Request to Reopen Proceedings on the attorneys of record for the plaintiff via first class mail, postage prepaid.

Paralegal

- 8 -