UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NUMERIC INVESTORS LLC,

        Plaintiff,

v.

RYAN H. SOWERS,

        Defendant.

CIVIL ACTION No. 04-12692 RCL

**PLAINTIFF NUMERIC INVESTORS LLC'S MOTION FOR
LEAVE TO FILE REPLY TO DEFENDANT'S OBJECTION**

Plaintiff Numeric Investors LLC ("Numeric") hereby respectfully requests that Numeric be permitted to file a reply brief in support of its February 10, 2006 Numeric's Notice of Parties' Inability To Consummate Settlement and Plaintiff's Request To Reopen and For Issuance of Scheduling Order (Docket No. 69).

As grounds for this Motion, Numeric states that the Objection (Docket No. 70) filed on February 14, 2006, on behalf of Defendant Ryan H. Sowers ("Sowers") radically misstates the facts and legal standard for reopening proceedings in this case. While Numeric disputes many of Sowers's erroneous factual assertions which are contrary to the record in this case, these misstatements are misleading because they are irrelevant to the Court's determination of whether this case should be reopened. Indeed, as explained in Numeric's proposed reply brief, filed herewith as Exhibit A, Sower's Objection concedes that reopening proceedings is appropriate where, as here, the parties have been unable to consummate settlement. Numeric's brief reply memorandum would provide meaningful focus and narrow this dispute without needlessly resuscitating the parties' factual disputes on the merits of this action, which will assist the Court in resolving the matter before it.

- 2 -

Respectfully submitted,

NUMERIC INVESTORS LLC,

By its attorneys,

  /s/ Gabriel M. Helmer  
Michele A. Whitham  (BBO No. 553705)  
Gabriel M. Helmer (BBO No. 652640)  
FOLEY HOAG LLP  
155 Seaport Blvd.  
Boston, MA  02210  
(617) 832-1000

Dated: February 16, 2006                               ATTORNEYS FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** | **CERTIFICATE OF COUNSEL** |
|---|---|
| I hereby certify that on the 16th day of February, 2006, I caused a true copy of the above document to be served upon Justine H. Brousseau, Esquire, counsel for Ryan H. Sowers, by mail. | Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that, on February 16, 2006, counsel for NUMERIC INVESTORS conferred with Justine H. Brousseau, Esquire, counsel for RYAN H. SOWERS by telephone in a good faith attempt to resolve the issues raised in this motion and was unable to obtain her assent. |
|   /s/ Gabriel M. Helmer  <br>Gabriel M. Helmer |   /s/ Gabriel M. Helmer  <br>Gabriel M. Helmer |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>RYAN H. SOWERS,<br><br>                Defendant. | CIVIL ACTION No. 04-12692 RCL |

**PLAINTIFF NUMERIC INVESTORS LLC'S REPLY TO
DEFENDANT'S OBJECTION TO REOPENING PROCEEDINGS**

In response to Plaintiff Numeric Investors LLC's request to reopen these proceedings (Docket No. 69), Defendant Ryan H. Sowers has submitted an Objection (Docket No. 70) that, among other things, *admits* that the parties have failed to achieve a settlement in this matter and that Numeric was correct in notifying the Court and requesting that the Court reopen proceedings, but nevertheless demands that the Court allow the December 14, 2005 Settlement Order of Dismissal (Docket No. 66) to dismiss with prejudice Numeric's case. Sowers's Objection makes no sense and should be rejected. Without belaboring the finger-pointing which is the focus of Sowers's Objection or the parties' differing view of the evidence and admissions adduced in this case, the dismissal of Numeric's case -- *by the express terms of the Court's Settlement Order* -- is not warranted where, as here, the parties' have not achieved a final agreement on the critical terms that the parties discussed and agreed to during the December 13th settlement conference. For the additional reasons set forth below and those set forth in Numeric's initial Notice and Request (Docket No. 69) and Numeric's Motion to Reopen Proceedings (Docket No. 72), Numeric respectfully requests that the Court reopen these proceedings.

B3162163.2

While Sowers makes numerous overheated and inaccurate statements about the facts and circumstances surrounding the parties negotiation, Sowers's Objection plainly admits that the parties have not reached an agreement as to critical terms of settlement. Objection, p. 3. Sowers further admits that under the terms of the Court's Settlement Order (Docket No. 66) and the Court's December 13th instructions during the judicial settlement conference, Numeric was entitled to reopen this case in the event that settlement was not consummated. Objection, p. 4 ("Sowers understands that because of the Settlement Order, Numeric had to file some notice with the Court that the Settlement had not been consummated and show good cause for the case to be reopened."). Sowers thus concedes that the "good cause" contemplated by the Court (*i.e.*, failure to consummate settlement) exists in this case and that Numeric's request to reopen these proceedings was appropriate.

Sowers's argument that this case must not be reopened because other alternatives are or were available is a red herring. Under the terms of the Court's Settlement Order, there is no alternative to reopening this case, except to dismiss it with prejudice. Consequently, a dismissal with prejudice at this stage would terminate the case and Numeric would not then be in a position to negotiate a settlement with Sowers, who would face no liability with respect to Numeric's Complaint even though he has ultimately conceded his liability in sworn depositions. This may be the "alternative" Sowers seeks, but even Sowers admits that this was not the result intended by the Court's Settlement Order. Moreover, Sowers does not appear to propose any reasonable "alternative" -- other than outright dismissal. On February 14, 2006, the very day that Sowers filed his Objection accusing Numeric of refusing to agree to an additional judicial settlement conference, counsel for Sowers also peremptorily cancelled a planned settlement

conference between the parties and indicated that settlement negotiations would not continue. The issuance of a scheduling order is thus the logical next step in this case.

On March 9, 2005, the parties jointly submitted a proposed discovery schedule (Docket No. 19) that provided a brief period for expedited discovery, followed by a judicial settlement conference and then formal discovery.  As the parties have now completed two separate judicial settlement conferences on September 13, 2005 and December 13, 2005, Numeric's request that the Court enter a schedule pursuant to the parties' Joint Statement faithfully follows the course contemplated by the parties in the event that the judicial settlement conference did not resolve this dispute, as appears to now be the case.  Numeric remains open to settlement discussions in the event that Sowers wishes to resume them at any point, but in view of the parties' failure to consummate settlement and Sowers's further refusal to continue settlement negotiations, reopening the case and resuming the litigation pursuant to the schedule agreed upon in the parties' Joint Statement is the appropriate course of action.  Numeric would also welcome the opportunity to appear in a continued judicial settlement conference to discuss the resolution of this case on mutually-agreed upon terms, but such discussions require that the Court reopen these proceedings rather than dismiss the case.

For the foregoing reasons and those stated in Numeric's Notice and Request (Docket No. 69) and Motion to Reopen (Docket No. 72), Numeric respectfully requests the Court to reopen proceedings in the case.

NUMERIC INVESTORS LLC,

By its attorneys,

 /s/ Gabriel M. Helmer
Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

Dated: February 16, 2006

### CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of February, 2006, I caused a true copy of the above document to be served upon Justine H. Brousseau, Esquire, counsel for Ryan H. Sowers, by mail.

 /s/ Gabriel M. Helmer
Gabriel M. Helmer