UNITED STATES DISTRICT COURT3
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12692 RCL

| | |
|---|---|
| NUMERIC INVESTORS LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RYAN H. SOWERS, | ) |
| Defendant. | ) |

## DEFENDANT RYAN H. SOWERS' RESPONSE TO PLAINTIFF NUMERIC INVESTORS LLC'S MOTION TO REOPEN PROCEEDINGS

Defendant Ryan H. Sowers ("Sowers") submits this Response to Plaintiff Numeric Investors LLC's Motion to Reopen Proceedings (Plaintiff's Motion to Reopen") for the following four reasons: (1) Plaintiff has not complied with the provisions of Local Rule 7.1(A)(2); (2) Plaintiff did not comply with the Court's February 14, 2006 request for Plaintiff to "re-file" its Notice of Parties' Inability to Consummate Settlement and Plaintiff's Request to Reopen Proceedings and For Issuance of Scheduling Order ("Plaintiff's Notice and Request") of February 10, 2006; (3) Plaintiff has overstated its factual allegations and mischaracterized the settlement negotiations; (4) Plaintiff has refused to seek, consider or participate with Sowers in available alternative courses of action, short of reopening the case and proceeding with the litigation.

**(1)     Plaintiff has not complied with Local Rule 7.1(A)(2) requiring that the parties confer in an effort to resolve or narrow the issue prior to filing.**

Plaintiff has on three occasions failed to comply with Local Rule 7.1(A)(2), requiring that "(n)o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." In Plaintiff's Notice and Request and Plaintiff's

Motion to Reopen, Plaintiff's counsel, Gabriel M. Helmer, certified that "Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that counsel for NUMERIC INVESTORS attempted to confer with Justine H. Brousseau, Esquire, counsel for RYAN H. SOWERS in a good faith attempt to resolve the issues raised in this motion and was unable to do so." *See* Plaintiff's Notice and Request @ p. 3, and Plaintiff's Motion to Reopen @ p. 5.  The language of the certification in Plaintiff Numeric Investors LLC's Motion to Impound Motion to Reopen Proceedings (Plaintiff's Motion to Impound), dated February 15, 2006, was slightly different but also stated that counsel for Numeric Investors "attempted to confer."[1] Plaintiff's Motion to Impound @ p. 2.

An "attempt" to confer is not in compliance with Local Rule 7.1(A)(2)'s clear requirement that parties actually confer.  On Friday, February 10, 2006 counsel for Plaintiff requested that Defendant's counsel assent to their Motion to Impound. Defendant's counsel questioned the need for impounding and responded that she could not do so without knowing the content of the underlying motion which Plaintiff sought to impound. Plaintiff's counsel did not provide the papers to Defendant's counsel before filing them with the Court or share the content of the motion it intended to file.  Therefore, the parties did not confer in an effort to resolve or narrow the issues.

As to Plaintiff's Motion to Impound and Plaintiff's Motion to Reopen, again, the parties did not confer.  Plaintiff's counsel telephoned Defendant's counsel at 11:06 a.m., Wednesday, February 15, 2006, was told she was in a client meeting, was advised to leave a detailed message

---

[1] The full Certificate of Counsel on the February 15, 2006 Motion to Impound, signed by Gabriel M. Helmer, read, "Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that, on February 10, 2006, counsel for NUMERIC INVESTORS attempted to confer with Justine H. Brousseau, Esquire, counsel for RYAN H. SOWERS by telephone in a good faith attempt to resolve the issues raised in this motion and was unable to do so."  Not only did counsel not confer on February 10 regarding the February 15, 2006 Motion to Impound, but they could not logically have done so as Defendant's counsel has represented that the February 15th papers were requested by the Court on February 14, 2006.

and was told that Defendant's counsel would return his call as soon as she finished her client meeting.  Plaintiff's counsel left a voicemail message informing Defendant's counsel that his office had received a call the day before requesting that they re-file Plaintiff's Notice and Request styled as a motion.  When Defendant's counsel returned the call, she was informed that Plaintiff had already filed the papers with the court, as he felt he couldn't wait to receive a return call.  In fact, as the docket reflects, Plaintiff waited a mere 45 minutes before filing Plaintiff's Motion to Reopen. Defendant's position is that leaving a voicemail for opposing counsel does not comply with Local Rule 7.1(A)(2)'s requirement that the parties confer.

**(2)     Plaintiff's Motion to Reopen does not comply with the February 14, 2006 request of the Court that Plaintiff re-file its February 10, 2006 Notice and Request as a motion.**

On February 10, 2006, Plaintiff filed Plaintiff's Notice and Request.  Thereafter, on three separate occasions, Plaintiff's counsel represented to Defendant's counsel that his office had received a call from the Court Clerk requesting that they re-file Plaintiff's Notice and Request restyled as a motion.  Plaintiff affirms that the Court requested it re-file the request in its current motion. Plaintiff's Motion to Reopen @ p. 1.  However, rather than comply with the court's request and re-file its papers of February 10, 2006 restyled as a motion, Plaintiff took the opportunity to file new papers containing additional arguments and exhibits not previously presented in Plaintiff's Notice and Request.  Defendant respectfully requests that the Court strike the new material and exhibits Plaintiff has presented with its new motion, as it was not filed timely.

**(3)     Plaintiff has overstated its factual allegations and mischaracterized the settlement negotiations which have transpired between the parties in an attempt to satisfy its burden of showing that good cause exists for reopening the action, as required by the December 14, 2005 Settlement Order of Dismissal (the "Settlement Order").**

It is not an accurate statement that ". . . Sowers has never fully disclosed to Numeric, despite numerous opportunities to do so, the extent of what he took from Numeric or what he did with the purloined property . . . ." Plaintiff's Motion to Reopen @ p.2. As Plaintiff well knows, Sowers gave deposition testimony on January 12, 2005 and October 12, 2005 in which he recounted for Numeric, to the best of his memory, what Numeric property he copied, transferred and retained after the termination of his employment, and that he destroyed that property, by deleting it on December 27, 2004. Sowers explained to Numeric that his selection of the Numeric property was not targeted and therefore he cannot provide them with a detailed listing of the exact content of the Numeric property taken. He also has explained that he has not had the Numeric property in his possession, custody or control since December 27, 2004 when he deleted it, which further prevents him from being more specific.[2] Sowers repeatedly asserted that he did not retain copies of the Numeric property and that he did not transfer or provide the Numeric property to a third party. Numeric is unable, or simply unwilling, to accept these facts and realities, and continues to demand details and return of Numeric property that Sowers does not have. Plaintiff's own extensive forensic evaluations and third party depositions have produced no evidence to contradict Sowers' representations.

---

[2] Plaintiff attached pages from the January 12, 2005 and October 12, 2005 depositions to its February 15, 2006 papers which show that this is precisely what Sowers has testified to, essentially, that he does not remember exactly what he took and that he has not been in possession of any Numeric property since December 27, 2005, over 14 months ago, when he was served with the Complaint, panicked, and deleted the files.

Contrary to Plaintiff's assertion, Sowers has not "openly admitted to intentionally misappropriating Numeric proprietary information in violation of his three pre-existing confidentiality agreements with Numeric . . . ."  Plaintiff's Motion to Reopen @ p.3.  In fact, at this stage, and given the Parties extensive discussions on this very issue, Sowers was shocked to read such an assertion in Plaintiff's Notice and Request and Plaintiff's Motion to Reopen.   It can only be assumed that Plaintiff is trying to bolster its position on its claimed need for injunctive relief by claiming that Sowers has violated three pre-existing confidentiality agreements with Numeric.  However, as Plaintiff well knows, at the time of his termination (December 15, 2004) Sowers had only one existing confidentiality agreement with Numeric, which was the December 6, 2004 Letter Agreement (the "December 2004 Agreement"), which incorporated only Sections 7 through 12 of a June 16, 2004 Employment and Confidentiality Agreement.  Ironically, in the December 2004 Agreement, drafted by Numeric, there is no provision for injunctive relief.  Further, paragraph 13 of the December 2004 Agreement clearly states that "[t]his letter agreement and the exhibits thereto recite the full terms of the understanding between us with regard to its subject matter, and supercedes any prior oral or written understanding. It may be modified only in a writing signed by both parties."  December 2004 Agreement, paragraph 13 attached to the Complaint as Exhibit C.   Therefore, Numeric's attempt to rely on allegations that Sowers has violated three pre-existing confidentiality agreements with it, as the basis for needing injunctive relief, is without merit.

Finally, Plaintiff has mischaracterized the settlement negotiations which have transpired between the parties in an attempt to satisfy its burden of showing that good cause exists for reopening the action.  Defendant readily admits that Plaintiff was requesting the entry of a Permanent Injunction as a term of settlement at the December 13, 2005 settlement conference.

However, Sowers consistently stated prior to and during the December 13, 2005 settlement conference that he would not agree to the entry of a Permanent Injunction. His reasons were twofold, one, he was seeking closure to the lawsuit by agreeing to abide by the terms of a Settlement Agreement, and two, he had a legitimate concern, given the manner in which Plaintiff had already been pursuing the litigation with little result, that Plaintiff would attempt to use an entry of a Permanent Injunction to perpetuate and later reopen the lawsuit.

What Sowers did agree to, in a good faith effort to settle this case, was to provide Numeric in the Settlement Agreement with a confirmation and affirmation of his obligations to Numeric with respect to its confidential and proprietary information, which would incorporate some of the language and terms expressed in the Stipulated Order and Preliminary Injunction. The only issue to be negotiated was the exact language that would reflect these affirmations in the Settlement Agreement. Notwithstanding Plaintiff's assertions to the contrary, Sowers has not only been entertaining such a provision, but has been proposing terms and language consistent with the agreement reached on December 13, all of which Plaintiff has rejected. Instead, Plaintiff has continued to demand Sowers agree to the entry of a Permanent Injunction or it will forge ahead with the litigation.

Also, there was no discussion between the Parties of the entry of a permanent injunction in conjunction with the entry of judgment on Count V of the Complaint.[3]

To the extent the Court considers Plaintiff's additional arguments not previously raised by Plaintiff in Plaintiff's Notice and Request, Plaintiff has further mischaracterizes the settlement

---

[3] In fact, the only discussion regarding entry of judgment concerned what count would be agreed to. Plaintiff had continually requested entry of judgment on Count I of the Complaint, and dismissal without prejudice on Counts II – V. Defendant wanted dismissal with prejudice on all five Counts. Plaintiff then wanted entry of judgment on Count I of the Complaint, and dismissal with prejudice on Counts II – V. It was then agreed that Defendant would consent to entry of judgment on Count V of the Complaint, and Plaintiff would agree to the dismissal with prejudice of Counts I – IV. The issue of the permanent injunction never entered this discussion.

negotiations which have transpired between the parties with regard to Sowers' agreement to a seven year non-competition provision. The terms agreed upon at the December 13th judicial settlement conference was that Sowers would agree that he would not work in a "quant shop" or perform any modeling or simulations for a period of seven years.  It is Plaintiff who is now trying to change the terms of that agreement by attempting to include in the ban the very tasks that Sowers now carries out in his position at Ameriprise.  As has been clearly explained to Plaintiff, the "quantitative analysis" in Sowers' current job involves the simple arithmetic calculations of the past performance of the stocks which make up Ameriprise mutual funds.[4]  He creates reports which are then used to market Ameriprise mutual funds. He is not involved in portfolio management, buying and selling of stocks, advising clients, or creating or using modeling, algorithms or simulations to predict future performance.  He purely reports and summarizes the data contained in Ameriprise's database and ensures its accuracy.  He in no way makes any investment management decisions that would affect the performance of the Ameriprise funds.  Therefore, Sowers has not reneged on his agreement, he is simply not going to be bullied by Plaintiff, who is now insisting on a broader industry ban then was agreed to. The Parties were attempting to close this gap, when Plaintiff took its position that if Sowers did not agree to the entry of a permanent injunction, it was a deal breaker for Numeric.

The Parties participated in Judicial Settlement Conferences before Magistrate Judge Marianne Bowler on September 13 and December 13, 2005.  During those two sessions the Parties agreed upon terms to resolve this litigation.  Instead of reducing those terms to a settlement document, Plaintiff is now trying to re-negotiate the terms, which should not be

---

[4] As Plaintiff clearly notes on every page of its website "Past performance is not an indication of future performance."

- 7 -

permitted.  Plaintiff's overstatements and mischaracterizations should not be accepted as good cause shown for reopening this litigation.

**(4)    Sowers understands that because of the Settlement Order, Numeric had to file some notice with the Court that the Settlement had not been consummated and show good cause for the case to be reopened.  However, Sowers objection is to the timing and content of Numeric's filing of Plaintiff's Notice and Request with the Court.**

In addition to the reasons set forth above, Numeric has: (a) chosen to ignore viable options in lieu of reopening and pursuing the litigation; and (b) misrepresented the status of the negotiations.

(a)    Plaintiff has consistently refused to seek, consider or participate with Sowers in available alternative courses of action, short of reopening and pursuing the litigation. Once it was apparent to Sowers that the parties had a dispute on the issue of the permanent injunction, he, through his counsel, suggested that the Parties seek assistance from the Court (Bowler, J.) to clarify the dispute.[5]  Numeric, through its counsel, rejected this suggestion.  As late as Friday, February 10, in a morning conference call, Sowers, through his counsel, again suggested to Plaintiff's counsel that it would be appropriate to take the permanent injunction dispute back before Magistrate Judge Bowler.  Plaintiff's counsel again declined the suggestion. Sowers' counsel then expressed to Plaintiff's counsel that since both counsel seemed committed to their respective position and memory of the settlement conference as to the agreement reached on how the permanent injunction would be handled, she did not understand Plaintiff's refusal to seek assistance from the Court.  Plaintiff's counsel's response is telling.  She refused to ask

---

[5] Upon the conclusion of the settlement conference on December 13, 2005, Magistrate Judge Marianne Bowler advised the Parties that she would make herself available to assist the Parties in consummating the Settlement Agreement should the need arise for clarification on terms and the Parties' respective undertakings.

Magistrate Judge Bowler to clarify the Parties dispute, and instead indicated that even if Sowers was correct, Plaintiff was not consummating a settlement without Sowers agreeing to the entry of a Permanent Injunction, and would instead seek to reopen and pursue the litigation.

On Friday, February 10, at approximately 5:20 p.m., in discussions with Plaintiff's counsel regarding the Monday deadline and the need for Plaintiff to file something with the Court, and believing that the Parties were still involved in good faith negotiations, Sowers' counsel told Plaintiff's counsel that he was willing to assent to a motion to request that the Court extend the sixty (60) day period for a period of days in order to give the Parties additional time to consummate the settlement. Plaintiff's counsel declined this offer, saying that it did not need additional time because if Sowers was not going to agree to the entry of a Permanent Injunction there would be no settlement and it would be pursuing the litigation. Nevertheless, Plaintiff continued negotiating the terms and language of the Settlement Agreement, well past 6:00 p.m.

(b)      It is Sowers' position that Plaintiff misrepresented to the Court the status of the settlement negotiations between the Parties in order to show good cause, when at 5:44 p.m. on Friday, February 10, 2006, Plaintiff caused to be filed with the Court Plaintiff's Notice and Request. It was not until after Sowers' counsel got off the conference call with Plaintiff's counsel that a copy of Plaintiff's Notice and Request was retrieved from the facsimile machine, at approximately 7:15 p.m., and Sowers' counsel saw for the first time Plaintiff's representations to the Court. *See* Section 1 above, Plaintiff's non-compliance with Local Rule 7.1(A)(2). Therefore, at the very same time that Plaintiff was notifying the Court that there was a "failure of the meeting of the minds between the Parties," that "Numeric's only recourse is to request that the Court reopen this case," and making the statements regarding Sowers' alleged behavior, Plaintiff's Notice and Request @ pp.2-3, Plaintiff's counsel continued to engage with Sowers'

counsel in negotiating the terms and language of the Settlement Agreement, and was scheduling another conference call for further discussion of the terms and language of the Settlement Agreement for Monday, February 13 at 11:00 a.m.  Sowers was surprised to see that nowhere in Plaintiff's Notice and Request was the Court notified of the Parties agreement to continue negotiating the terms and language of the Settlement Agreement.  In light of Plaintiff's blatant misrepresentations regarding Sowers' negotiation positions and behavior, as well as Plaintiff's demand that Sowers agree to the entry of a permanent injunction, Defendant cancelled the conference call scheduled for February 13, 2006 as she did not want to waste her client's dwindling resources.  Plaintiff should not be allowed to use that cancellation, which came as a direct result of its actions, as good cause to reopen this case.

Plaintiff is attempting to walk away from the agreement that was reached by the Parties, either because it simply no longer likes the terms it agreed to, or because it has failed to threaten and cajole Sowers into agreeing to new terms, or because, as it has made clear, it has unlimited resources to pursue this litigation, which Sowers does not.  It should not be allowed to do so.

For all of the reasons above, Defendant respectfully requests that Plaintiff's Motion to Reopen be DENIED.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant respectfully requests a hearing on Plaintiff's Response to Defendant's Motion to Reopen Proceeding.

Defendant also respectfully requests that Plaintiff's Notice and Request, Sowers' Objection, Plaintiff's Motion to Reopen and Defendant's Response to Defendant's Motion to

Reopen be referred to Magistrate Judge Bowler as she presided over the Judicial Settlement

Conferences, and is therefore familiar with the particulars of the settlement that were agreed to in

principle on December 13, 2005, and is very familiar with the Parties to this action.

Respectfully Submitted,
By His Attorneys

/s/  *Justine H. Brousseau*
Justine H. Brousseau   BBO #553776
Nina Joan Kimball     BBO #547567
Kimball Brousseau LLP
One Washington Mall, 14th Floor
Boston, MA  02108
617.367.9449
jbrousseau@kbattorneys.com
nkimball@kbattorneys.com

Dated:  February 28, 2006

**Certificate of Service in Accordance With Local Rule 5.2(b)**

I, Justine H. Brousseau, hereby certify that the above document filed through the ECF system
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF), and paper copies will be sent to those indicated as non- registered participants, if
any, on February 28, 2006.

/s/  *Justine H. Brousseau*
Justine H. Brousseau, Esq.