UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>               Plaintiff,<br><br>v.<br><br>RYAN H. SOWERS,<br><br>               Defendant. | CIVIL ACTION No. 04-12692 RCL |

**PLAINTIFF NUMERIC INVESTORS LLC'S MOTION FOR LEAVE TO FILE
REPLY IN SUPPORT OF ITS MOTION TO REOPEN PROCEEDINGS**

Plaintiff Numeric Investors LLC ("Numeric") hereby respectfully requests that Numeric be permitted to file a reply brief in support of its February 15, 2006 Motion To Reopen Proceedings (Docket No. 72).

As grounds for this Motion, Numeric states that the Response to Plaintiff Numeric Investors LLC's Motion to Reopen Proceedings (Docket No. 74) filed on February 28, 2006, on behalf of Defendant Ryan H. Sowers ("Sowers") radically misstates the facts and the legal issues relevant to reopening proceedings in this case. In particular, Sowers now asserts that Numeric's filings do not comply with Local Rule 7.1(A)(2) even though the parties discussed Numeric's filing of a request to reopen these proceedings in detail on February 10, 2006. Moreover, Sowers's mischaracterizations or the facts and merits of this case are irrelevant to the Court's determination of whether this case should be reopened. As explained in Numeric's reply brief, attached hereto as Exhibit A, Sowers's Response essentially concedes that reopening proceedings is appropriate where, as here, the parties have been unable to consummate settlement. Numeric's brief reply memorandum would provide meaningful focus and narrow this dispute without needlessly resuscitating the parties' factual disputes on the merits of this action, which will assist the Court in resolving the matter before it.

- 2 -

                Respectfully submitted,

                NUMERIC INVESTORS LLC,

                By its attorneys,

                **/s/ Gabriel M. Helmer**
                Michele A. Whitham  (BBO No. 553705)
                Gabriel M. Helmer (BBO No. 652640)
                FOLEY HOAG LLP
                155 Seaport Blvd.
                Boston, MA  02210
                (617) 832-1000

Dated: March 1, 2006                ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF COUNSEL**

    Pursuant to Local Rule 7.1(A)(2), the undersigned certifies that, on February 28, 2006 on or around 6:16 pm, counsel for NUMERIC INVESTORS conferred with Justine H. Brousseau, Esquire, counsel for RYAN H. SOWERS, by telephone in a good faith attempt to resolve the issues raised in this motion and Ms. Brousseau expressly indicated that her client would not consent to the filing of this motion.

    **/s/ Gabriel M. Helmer**
    Gabriel M. Helmer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>                 Plaintiff,<br><br>   v.<br><br>RYAN H. SOWERS,<br><br>                 Defendant. | CIVIL ACTION No. 04-12692 RCL |

**PLAINTIFF NUMERIC INVESTORS LLC'S REPLY IN SUPPORT
OF ITS MOTION TO REOPENING PROCEEDINGS**

In response to Plaintiff Numeric Investors LLC's request to reopen these proceedings (Docket No. 69) and Motion to Reopen Proceedings (Docket No. 72), Defendant Ryan H. Sowers has submitted a Response (Docket No. 74) that demands that the Court allow Numeric's claims to be dismissed with prejudice by operation of the Court's Settlement Order of Dismissal (Docket No. 66) even though Sowers *admits* that the parties have failed to achieve a settlement in this matter. Sowers's eleven-page Response seeks to turn what is essentially a procedural molehill into a mountain built on an extensive rehashing of the merits of the case and the parties' differing views of settlement. The unambiguous facts are that Numeric and Sowers did not reach a definitive agreement on the terms of settlement (despite weeks of trying) and, pursuant to the explicit instructions issued by the Court at the December 13th settlement conference, Numeric was required to notify the Court by February 13, 2006, at the latest, that the parties had not consummated the settlement-in-principle and that the case should be reopened. As Sowers has acknowledged, "Numeric had to file some notice with the Court that the Settlement had not been consummated and show good cause for the case to be reopened." See Sowers's Response (Docket No. 74), p. 8; Sowers's Objection (Docket No. 70), p.4. Sowers's endless finger pointing is irrelevant to the matter at hand and provides no justification whatsoever for the

B3167827.3

outcome Sowers now seeks -- that Numeric's case be dismissed with prejudice without recourse to any legal remedy or even the terms of the settlement-in-principle that the parties' agreed to in the judicial settlement conference.  For the additional reasons set forth below and those set forth in Numeric's initial Notice and Request to Reopen Proceedings (Docket No. 69) and Numeric's Motion to Reopen Proceedings (Docket No. 72)[1], Numeric respectfully requests that the Court reopen these proceedings.

I.      **It Is Beyond Dispute That Counsel Properly Conferred On The Issues Raised In Its Two Requests To Reopen These Proceedings Pursuant to Local Rule 7.1(A)(2).**

Sowers grounds his inequitable demand for dismissal with prejudice primarily on the allegation that Numeric has not complied with Local Rule 7.1(A)(2).  *This is manifestly false.*  Local Rule 7.1(A)(2) states that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  As Sowers's counsel fully concedes, counsel for both parties conferred at length on the issue of reopening these proceedings and the filing of Numeric's Notice and Request (Docket No. 69) on February 10, 2006.  See Sowers's Objection (Docket No. 70), p.5.  During the discussions on February 10th, counsel for Numeric expressly sought Sowers's counsel's assent to Numeric's request to reopen the proceedings.  *Counsel for Sowers refused.*  In sum, a fair reading of Sowers's own account is that the parties exchanged proposals on February 10th and discussed their differing views and, at the conclusion of their discussion, Sowers's counsel refused to agree to the filing of Numeric's request to reopen this case.[2]  Indeed, *Numeric's counsel expressly informed Sowers's counsel on February 10th -- and Sowers's counsel acknowledged -- that Numeric would be filing its*

---

[1] On February 14, 2006, Clerk Steven York requested that counsel for Numeric submit restyle Numeric's Notice and Request to Reopen Proceedings (Docket No. 69) as a motion to reopen proceedings, which Numeric promptly did.

[2] During the February 10, 2005 conference call, counsel for Sowers also expressly refused to consent to the filing of a motion to impound Numeric's Notice and Request to Reopen Proceedings (Docket No. 69) after being informed that it contained details of the parties' settlement discussions.

*request with the Court with the representation that Sowers did not assent.*[3] The unambiguous facts are that the parties *did confer* on February 10th, Sowers would not assent to Numeric's filings and Numeric subsequently filed in a manner entirely proper under Local Rule 7.1(A)(2).

II.     **Sowers's Additional Claims That Counsel for Numeric Has Not Conferred In Good Faith Are Also False.**

Sowers's further accusations of corner-cutting or trickery by counsel for Numeric in connection with the supplemental filing requested by the Court is also false, if not completely unprofessional. Late in the afternoon on Tuesday, February 14, 2006, counsel for Numeric received a request from Mr. Steven York, Clerk of the Court, requesting that Numeric immediately recast its Notice and Request to Reopen Proceedings (Docket No. 69) as a motion to reopen these proceedings. Though the parties had already conferred on this issue during the February 10th conference call, on February 15, 2006, counsel for Numeric again spoke with counsel for Sowers in the effort to follow the letter of Local Rule 7.1(A)(2)'s requirements. Specifically, counsel for Numeric spoke with Christina L. Montgomery, Esq., Ms. Brousseau's associate, who was present during hearings and discovery in this case and at the parties' judicial settlement conferences. In that conversation, counsel for Numeric summarized the Court's request and asked for Sowers's assent to the second filing. Ms. Montgomery referred counsel to Ms. Brousseau, further stating that it was unclear if or when Ms. Brousseau would be available to discuss the matter. As has been the parties' usual course of conduct in this case, counsel for

---

[3] Counsel for Numeric interrupted ongoing settlement negotiations on February 10th to confer on its request to reopen proceedings expressly because Numeric believed that it was necessary to file such a request *before the Court closed that evening*, in order to avoid the February 13th deadline set by the Court's Settlement Order of Dismissal. Under these circumstances, it should come as no surprise to Sowers that Numeric successfully filed the papers that Numeric's counsel discussed in detail with Sowers's counsel. In this regard, Sowers's assertion that there was some deceit in Numeric's filing of its Notice and Request to Reopen Proceedings while the parties continued to engage in good faith negotiation to resolve their dispute is disingenuous and seems to reflect a disappointment that Sowers's counsel was unable to use ongoing settlement negotiations to distract Numeric while its deadline to reopen this case came and went.

Numeric left a voicemail message indicating the substance of the issues involved and requested a response within a time frame that would permit Numeric to respond to the Court's request in a timely fashion. In view of what counsel for Numeric understood to be the Court's time-sensitive request, the parties' extensive discussions on the issue on February 10th, and counsel for Sowers's apparent inability to respond to Numeric's inquiry, Numeric filed the papers with the Court -- in the time frame that counsel for Numeric had represented it would in its voicemail to counsel for Sowers -- accurately representing that Numeric had tried but been unable to obtain Sowers's assent to its motion. Counsel's good faith efforts to raise these issues repeatedly with counsel for Sowers, despite Sowers's unflinching refusal to entertain Numeric's proposal to reopen this case before the Court's 60-day deadline to reopen proceedings had passed, do not resemble the bad faith or deceit that opposing counsel now suggests and does not support Sowers's objections.

### III.    Sowers's Seven-Page Discussion of The Parties' Factual Disputes Does Not Justify Dismissing This Case With Prejudice.

Finally, Sowers's Response contains a litany of misleading and inaccurate assertions about the facts of the case that have no bearing on whether the parties reached an agreement on the final terms of settlement in this matter or whether this case should be reopened. For the record, most if not all of counsel's careful mischaracterizations of Sowers's misconduct found in Sower's Response, misconduct that includes intentional violations of this Court's orders, are not disputed by Sowers himself, which is the reason why Numeric attached record evidence of Sowers's admissions to its Motion to Reopen (Docket No. 69) and, presumably, why counsel now baselessly seeks to strike those admissions. Similarly, the terms of the parties settlement-in-principle were thoroughly discussed with the Court during the December 13th judicial settlement conference and are recorded in counsel's notes verbatim. Sowers's resuscitation of the parties'

conflicting views only proves that there is a very real dispute here that cannot be dismissed without prejudicing the parties' respective positions. In this regard, and because Numeric sees no need to belabor this issue, it does not oppose Sowers's request for oral argument (although Numeric thinks it wholly unnecessary) and joins in Sowers's request that this matter be referred to Magistrate Judge Bowler.

    For the foregoing reasons and those stated in Numeric's Notice and Request to Reopen Proceedings (Docket No. 69) and Motion to Reopen (Docket No. 72), Numeric respectfully requests the Court to reopen proceedings in the case.

NUMERIC INVESTORS LLC,

By its attorneys,

 /s/ Gabriel M. Helmer
Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

Dated: March 1, 2006