Michele A. Whitham
Boston Office
617.832.1239
mwhitham@foleyhoag.com

April 12, 2006

Honorable Marianne B. Bowler
United States Magistrate Judge for the District of Massachusetts
U. S. District Court for the District of Massachusetts
One Courthouse Way
Boston, MA  02210

     Re:   *Numeric Investors LLC v. Ryan H. Sowers*,
           C.A. No. 04-12692-RCL

Dear Magistrate Judge Bowler:

     The parties jointly write to request that the Court set a date for a further judicial settlement conference in this matter.  The parties will each respectively submit separate statements of the issues that make a conference with the Court necessary at this time, but join each other in their request for a judicial settlement conference.

     If it is convenient for the Court, the parties respectfully propose a conference in the afternoon on Thursday, April 13, 2006 or Friday, April 14, 2006.  The parties further inform the court that Numeric's chief executive and its counsel are unavailable between May 12th and May 23rd, and Sowers counsel is unavailable between April 18th and April 25th and May 10th and May 11th.

     Thank you for your attention to this matter.

NUMERIC INVESTORS LLC           RYAN SOWERS

By its attorney,                  By his attorney,


**/s/ Michele A. Whitham**        **/s/ Justine H. Brousseau**
Michele A. Whitham, Esquire     Justine H. Brousseau, Esquire
FOLEY HOAG LLP            KIMBALL BROUSSEAU LLP
155 Seaport Boulevard        One Washington Mall, 14th Floor
Boston, Massachusetts 02210     Boston, Massachusetts  02108

cc:    Numeric Investors LLC

B3189442.2

Honorable Marianne B. Bowler
U. S. District Court
April 12, 2006
Page 2


Mr. Ryan Sowers
Gabriel M. Helmer, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUMERIC INVESTORS LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>RYAN H. SOWERS,<br><br>                    Defendant. | CIVIL ACTION No. 04-12692 RCL |

**PLAINTIFF NUMERIC INVESTORS LLC'S STATEMENT IN SUPPORT OF
PARTIES' JOINT REQUEST**

Plaintiff Numeric Investors LLC ("Numeric") hereby respectfully submits its
memorandum in support of the Parties' request that the Court set a date for a brief judicial
settlement conference to resolve an important provision of the Parties' settlement agreement in
this case, about which there was no discussion at prior settlement conferences in this matter and
about which the Parties have been unable to agree outside of the mediated context.  In this
regard, it is Numeric's position that the unresolved issue involves a material term of settlement
governing legal rights outside the scope of the litigation and critically important to Numeric, and
Numeric thus cannot settle this lawsuit with defendant Ryan H. Sowers ("Sowers") without
resolving this matter.

As grounds for the Parties' Request, Numeric states that, promptly following the March
14th status conference, the Parties engaged in further settlement discussions and are now close to
reaching a final resolution of this matter.  However, as of the filing of this Request the Parties
have been unable to reach agreement with regard to an issue raised by the "Entire Agreement"
provision of the document.  In particular, during recent negotiations, Sowers has taken the
position that such a provision must be included in the Parties' settlement agreement and that it
must be written to require Numeric to give up pre-existing contractual rights vis-à-vis Sowers,

including rights not directly implicated by this lawsuit (such as the provisions governing the ownership of Numeric's intellectual property developments). Numeric has objected to Sowers's attempt to use the settlement process to strip Numeric of contractual rights that are variously central to and independent of the matters at issue in this litigation.

To date, Numeric has proposed several different approaches to fully and completely settle the claims it asserted against Sowers in this lawsuit while preserving the material terms of its pre-existing contracts with Sowers. Initially, Numeric requested that its surviving contracts with Sowers be incorporated by reference into the Settlement Agreement and expressly preserved. When counsel for Sowers objected that certain provisions of these agreements were now moot as a factual matter based on the passage of time, Numeric proposed to recite in the Settlement Agreement only those specific paragraphs of the agreements that remain relevant. When counsel for Sowers refused to adopt this approach, Numeric proposed incorporating into the body of the Settlement Agreement all contractual provisions of continuing force and effect. Although counsel for Sowers agreed in principle to this latter approach, and has subsequently agreed to virtually all of the resulting provisions, two matters remain unresolved as of the close of business on April 11, 2006, at which time counsel for Sowers refused all further negotiations[1], giving rise the following disputes:

1.     **Section 4.a.ii.**:  Sowers seeks to deny Numeric its right to the continuing protection of its pre-existing confidentiality agreements with Sowers, which agreements protect from disclosure by Sowers, among other things, Numeric's customer lists, personnel records and data on its internal operations and financial condition. These specific protections (which Sowers seeks surgically to strike from the language of Sowers's long-standing confidentiality agreements with the Company) are particularly important to Numeric where, as here, Sowers had access to Numeric's financial records and other operational data and where,

---

[1]  Numeric will make available to the Court at the settlement conference the last draft promulgated on April 10th, or earlier upon request.

further, Numeric is obligated by its contracts with its institutional investor clients to protect such information from disclosure.

2. **Section 4.g.**: Sowers seeks to deny Numeric its right to the continuing protection of its prior agreements with Sowers respecting inventions and developments, which ensure Numeric's ownership of and ability to obtain intellectual property protection for developments to which Sowers contributed while he worked for Numeric. This is a specific concern where, as here, Sowers's communications establish that Sowers -- while employed by Numeric -- engaged in undisclosed development efforts to create a financial simulation using Numeric's proprietary Momentum Model to predict the performance of exchange traded funds.

Numeric cannot agree that the settlement of this case should strip it of these two important contractual rights, especially when Numeric has been entitled to their protection before and throughout the pendency of this lawsuit. Where, as here, the Parties have narrowed the areas of dispute to the two narrow issues set forth above, Numeric believes that, with guidance from the Court, it will be possible to reach a fair resolution of these matters and finalize a definitive settlement agreement.

For these reasons and those set forth in the Parties' Joint Request for Judicial Assistance, Numeric requests that the Court set a date for a judicial settlement conference to resolve the final terms of the Parties' settlement in this matter, and further requests that the Court take no further action on Numeric's pending Motion to Reopen Proceedings until such conference has been held. Numeric informs the Court in this regard that Numeric's chief executive officer, Langdon B. Wheeler, and its counsel are unavailable to confer during the period from May 12th through May 23rd.

Respectfully submitted,

NUMERIC INVESTORS LLC,

By its attorneys,

**/s/ Gabriel M. Helmer**

Michele A. Whitham  (BBO No. 553705)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Blvd.
Boston, MA  02210
(617) 832-1000

Dated: April 12, 2006                    ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


**/s/ Gabriel M. Helmer**

Gabriel M. Helmer